INDEX OF EXHIBITS TO NOTICE OF REMOVAL

*Consumer Protection Corporation, etc.  v.  Stock RX, etc., e al.*

1.      Class Action Complaint for Injunctive Relief and For Damages Arising Out
        of Transmission of Unsolicited Faxes - 47 U.S.C. §227 and For Declaratory
        Judgment; and for Civil Conspiracy; and for Aiding and Abetting

2.      Certificate of Arbitration

**EXHIBIT 1**

Peter Strojnik, Esq. 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

MICHAEL K. JEANES
Clerk of the Superior Court

By MEREDITH BOND, Deputy
Date 09/03/2008 Time 03:32 PM
Description      Qty        Amount
---------  CASE# CV2008-0211220 -----------
CIVIL NEW COMPLAINT  001        245.00

TOTAL AMOUNT                    245.00
         Receipt# 00010227550

## IN THE SUPERIOR COURT IN THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2008-021122

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation,<br><br>                    Plaintiff,<br><br>   vs.<br><br>STOCK RX, a fictiously named defendant whose true legal identity is not known by Plaintiff; MEDEFILE INTERNATIONAL, INC., a Nevada Corporation; MEDEFILE, INC., a Nevada Corporation; THE VANTAGE GROUP, LTD. a/k/a VANTAGE GROUP, LTD., a Delaware Corporation; DIGITALSPEED COMMUNICATIONS, a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50,<br><br>                    Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES ARISING OUT OF TRANSMISSION OF UNSOLICITED FAXES - 47 U.S.C. § 227 AND**<br><br>**FOR DECLARATORY JUDGMENT; AND**<br><br>**FOR CIVIL CONSPIRACY; AND**<br><br>**FOR AIDING AND ABETTING**<br><br>**REQUEST FOR TRIAL BY JURY** |

-1-

Plaintiff alleges, on Plaintiff's behalf and on behalf of a class of persons defined below, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1) Plaintiff CONSUMER PROTECTION CORPORATION is an Arizona Professional Corporation authorized to and conducting business in Maricopa County, State of Arizona.

2) Defendant STOCK RX is a fictitious entity whose name appears on the unsolicited faxes, Exhibits 1, (Exhibit 1 Fax or Unsolicited Fax) manipulating the publicly traded stocks of Defendants Medefile International, Inc. ("Medefile International"). Medefile International is authorized to and conducts business in the State of Nevada and across the United States of America.

3) Defendant MEDEFILE INTERNATIONAL, INC. is a Nevada corporation. Its stock trades publicly in the over the counter securities market in the United States under the symbol OTC BB: MDFI.OB ("MDFI").

4) Defendant MEDEFILE, INC. ("Medefile") is a Nevada Corporation. It is authorized to and conducts business in the State of Nevada and across the United States of America.

5) Defendant THE VANTAGE GROUP, LTD. a/k/a VANTAGE GROUP, LTD. is a corporation authorized to and conducting business in the State of Delaware and across the United States of America ("Vantage").

6) Defendant DIGITALSPEED COMMUNICATIONS, INC. ("Digitalspeed") is a Pennsylvania Corporation authorized to and conducting business in the State of Pennsylvania and across the United States of America including the State of Arizona.

-2-

7) Defendant INNOVATIVE COMMUNICATIONS, INC. ("Innovative") is a Pennsylvania Corporation authorized to and conducting business in the State of Pennsylvania and across the United States of America including the State of Arizona.

8) Defendant ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK is an individual residing in the State of Pennsylvania ("Pasternack").

9) Defendant JANE DOE PASTERNACK is an individual residing in the State of Pennsylvania and is the wife of Pasternack.

10) ABC DEFENDANTS 1-50 are the persons and/or entities who broadcasted the unsolicited facsimile advertisements at issue and/or conspired with and aided and abetted the named defendants to illegally manipulate MDFI stock by issuing unsolicited faxes to Plaintiff and the members of the Class.

11) This Court has personal jurisdiction over Defendants by virtue of the following facts:

a) Defendants caused at least one unsolicited fax to be sent to at least one recipient in the State of Arizona; and

b) The State of Arizona has interest in providing a forum for its residents, including the Plaintiff and the Class identified herein; and

c) It would be extremely burdensome for Plaintiff to access another forum; and

d) Upon information and belief, Defendants continuously and systematically sent unsolicited faxes to the State of Arizona; and

e) Defendants purposefully availed themselves of economic benefits and resources of the State of Arizona in conducting their business here; and

f)  Defendants may be hailed in court here under the liberal "effects" test in this tort action; and

g)  Defendants did and should have foreseen being hailed to Court in the State of Arizona.

12) This Court has original jurisdiction over this matter by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d) requiring minimum diversity and the amount in controversy exceeding 5 million dollars. Actual diversity exists between Plaintiff and Defendants.

13) The venue is proper in this Court pursuant to 28 U.S.C. §§1391 *et seq.*

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14) Plaintiff realleges all allegations heretofore set forth.

15) Medefile International has reported a net loss of $591,756 for the quarter ended March 31, 2008 and $4,160,846 for the year ended December 31, 2007 and had an accumulated deficit of $10,120,206 as of March 31, 2008 and $9,528,450 as of December 31, 2007.

16) Medefile International admits in its Securities and Exchange Commission Filings that there is a substantial doubt that it can continue operations.

17) Medefile International admits that they will need additional investments in order to continue operations.

18) Medefile International's independent accountants have expressed doubts about the former's ability to continue without additional capital becoming available.

19) Vantage is the majority shareholder of Medefile International – owning 51.4% of MDFI.

20) Vantage is also the principal financier of Medefile International.

21) The President and Chief Executive Officer of Medefile International is Milton Hauser.

-4-

22) The President and Chief Executive Officer of Vantage is Milton Hauser's son, Lyle Hauser.

23) On November 15, 2007, Medefile International and Vantage entered into a debt conversion agreement whereby Vantage agreed to convert the aggregate principal amount of $2,100,000 of its indebtedness into an aggregate of 14 million shares of MDFI.

24) Defendants broadcasted the Exhibit 1 Fax to named Plaintiff and the members of the Class on or about June 23, 2008 in violation of the TCPA. The Exhibit 1 Fax states on its face that Stock Rx was paid the sum of $10,000.00 for the broadcasting of the Exhibit 1 Fax. Upon information and belief, the cost for each fax to be sent is between 1 and 5 cents. This means that Defendants broadcasted between 200,000 and 1 million copies of the Exhibit 1 Fax. Pursuant to the TCPA, Defendants are liable in statutory damages for the sum of $500 and $1,500 for each fax, for a total sum in this instance of between $100 million and $1.5 billion.

25) Between the dates of June 19, 2008 and June 24, 2008, the price of MDFI rose 18 cents ("Pump" Period).

26) Between the dates of June 25, 2008 and July 1, 2008, the price of MDFI fell 31 cents ("Dump" Period).

27) The Pump Period and Dump Period of the MDFI stock were rises and falls that MDFI had not experienced for several years.

28) Pasternack has been cited by the Federal Communications Commission in the past for violation of the TCPA through the broadcasting of unsolicited facsimile advertisements, to wit: FCC Complaint Number EB-05-TC-020.

29) Pasternack is the president and Chief Executive Officer of Digitalspeed Communications.

30) Pasternack is the alter ego of Digitalspeed Communications.

31) Pasternack is the alter ego of Innovative Communications.

32) Upon information and belief, Pasternack has established a pattern, practice and habit of broadcasting unsolicited facsimile advertisements in violation of the TCPA.

33) On the Exhibit 1 Fax is a telephone number directing the received of said Exhibit 1 Fax to call it for removal of the receiver's fax number.  That number is 888-277-7349 ("Removal Number").

34) The Removal Number has been issued to Digitalspeed Communications.

35) On or about June 23, 2008, Defendants send the Exhibit 1 Fax to Plaintiff and the members of the Class, Exhibit 1, in violation of TCPA.

36) The purpose of the Exhibit 1 Fax was to manipulate MDFI stock in the securities market.

37) The House Report on the Securities Exchange Act, H.R. Rep. No. 1383, 73d Cong., 2d Sess., pp. 10, 11 (1934) gives evidence of Congress' concern regarding the manipulation of the securities market:

> "To insure to the multitude of investors the maintenance of fair and honest markets, manipulative practices of all kinds on national exchanges are banned. The bill seeks to give investors markets where prices may be established by the free and honest balancing of investment demand with investment supply."
> ***
> "The idea of a free and open public market is built upon the theory that competing judgments of buyers and sellers as to the fair price of the security brings about a situation where the market price reflects as nearly as possible a just price."

38) Senate Report No. 1455, 73d Cong., 2d Sess., p. 81 (1934), similarly states:

> "The purpose of the Act is . . . to purge the securities exchanges of those practices which have prevented them from fulfilling their primary function of furnishing

open markets for securities where supply and demand may freely meet at prices uninfluenced by manipulation or control."

39) The broadcasting of the Exhibit 1 Fax manipulated MDFI stock.

40) Medefile International and Defendants were aware of the market manipulation of the MDFI stock.

41) Defendants, their co-conspirators, aiders and abettors, caused to be transmitted the Exhibit 1 Fax in order to manipulate the MDFI stock as to both value and volume.

42) Defendants took advantage of the market manipulation.

43) Medefile International's officers, directors and insiders, including Vantage, who were aware of the market manipulation and those who took advantage of it, had a duty to disclose the market manipulation to the securities market.

44) Plaintiff has identified two classes of stock manipulators who benefit by the illegal stock manipulation through Unsolicited Fax broadcasts in issue here:

a) The Company whose stock is being promoted by the Exhibit 1 Fax. In the matter at hand, this class of beneficiaries consists of Medefile International; and/or

b) The insiders and or shareholders of the company whose stock is being promoted by the Exhibit 1 Fax. In the matter at hand, this class of beneficiaries consists of Medefile International's insiders, officers, directors and/or shareholders, including Vantage.

45) Upon information and belief, Medefile International, Medefile International's officers, directors and insiders, including Vantage, provided advice and encouragement with respect to the transmission of the Exhibit 1 Fax.

46) Upon information and belief, Medefile International and Medefile International's officers, directors and insiders, including Vantage, assisted and/or participated with respect to the transmission of the Unsolicited Faxes.

47) Defendants' market manipulation scheme was not disclosed to the investors and the potential investors through a disclosure form 8-K or otherwise.

48) Defendant Pasternack has been cited by the Federal Communications Commission in the past for the broadcasting of unsolicited facsimiles, to wit: FCC Complaint Number EB-05-TC-020.

## CLASS ACTION ALLEGATIONS

49) Plaintiff realleges all allegations heretofore set forth.

50) This is a proposed class action suit brought on behalf of Plaintiff and on behalf of other persons and entities who received an unsolicited fax advertisement to their telephone facsimile machine by Defendants.

51) Plaintiff claims and alleges that Defendants' use of the telephone facsimile machine, computer, or other device to send an unsolicited facsimile advertisement to a telephone facsimile line violates the TCPA. This cause of action is specifically authorized pursuant to Arizona Revised Statutes § 44-1482(C).

52) Plaintiff brings this action in Plaintiff's individual capacity as well as on behalf of a class of persons and entities similarly situated (the "Class").

53) Plaintiff operates a business located in Phoenix, Maricopa County, State of Arizona, and receives and has received unsolicited faxes that cause it damages due to the loss of its paper

and toner, the temporary loss of use of its facsimile machine and computer, the potential loss of business, and a violation of its right to privacy.

54) As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class suffered damages due to the loss of paper and toner, the temporary loss of use of their facsimile machine and the potential loss of business while their facsimile machines were receiving the Exhibit 1 Fax.

55) This Class Action is brought and may be maintained pursuant to Rule 23, Arizona Rules of Civil Procedure. Plaintiff seeks to represent a Class comprised of:

> All persons who received an unsolicited advertisement promoting Medefile International, Inc. or MDFI stock via unsolicited facsimiles

56) This action is properly brought as a class action pursuant to Rule 23, A.R.C.P., for the following reasons:

a) The Exhibit 1 Fax states on its face that Stock Rx was paid the sum of $10,000.00 for its service of broadcasting the Exhibit 1 Fax.  Upon information and belief, a fax distribution firm sends out a fax at a cost of between 1 and 5 cents per fax. This means that Defendants sent out between 200,000 and 1,000,000 Unsolicited Faxes.

b) The class is so numerous that joinder of all members is impracticable; and

c) There are questions of law or fact common to the class, to wit:

 i) Whether Defendants violate the TCPA when sending the Exhibit 1 Fax; and

 ii) Whether the facsimiles that are the same or similar to the Exhibit 1 Fax constitute "unsolicited advertisements" under TCPA; and

iii) Whether Plaintiff and the members of the Class are entitled to damages under the TCPA; and

iv) Whether Plaintiff and the members of the Class are entitled to treble damages under the TCPA; and

v) Whether Plaintiff and the members of the Class are entitled to injunctive relief under the TCPA; and

vi) Whether Plaintiff and the members of the Class are entitled to declaratory relief.

d) The claims or defenses of the representative parties are typical of the claims or defenses of the Class because all members of the Class received the same Unsolicited Fax; and

e) The named Plaintiff will fairly and adequately protect the interests of the class because:

   i) Plaintiff seeks no relief that is antagonistic to the other members of the Class; and

   ii) Plaintiff has no established business relationship with any Defendant or any potential additional Defendant; and

   iii) Plaintiff shall vigorously pursue the claims of the Class; and

   iv) Plaintiff has retained counsel with 28 years of experience in litigation matters and competent in representing the interests of the Class; and

   v) Plaintiff's counsel has expended significant efforts in this matter and is learned in tracking down the sources of Unsolicited Faxes.

f) A Rule 23 Class Action is superior to any other available means for the adjudication of this controversy in the following particulars:

   i) This action will cause an orderly and expeditious administration of the Class's claims; and

-10-

ii) The economies of time, effort and expense will be fostered; and

iii) Uniformity of decisions will be ensured at the lowest costs and with the least expenditures of judicial resources.

g) Because of the size of the Class, the expense and burden of individual litigation makes it impractical for the individual members of the Class to individually seek redress for the wrongs done to them. Plaintiff believes that the members of the Class, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the members of the Class. Furthermore, without a class action, the members of the Class will continue to suffer damages and Defendants will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

h) Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendants' violations of the TCPA is ascertainable through discovery. The identities of the members of the Class are known to Defendants, and damages can be calculated from Defendants' records. This action poses no unusual difficulties that would impede its management by the Court as a Class action.

**COUNT ONE**
(Violation of the Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq*)

57) Plaintiff realleges all allegations heretofore set forth.

-11-

58) Defendants violated the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227 *et seq.* case ("TCPA") by broadcasting the Exhibit 1 Fax to Plaintiff and the Class.

59) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class.

60) On information and belief, in each instance Defendants transmitted or caused to be transmitted unsolicited faxes to telephone machines themselves, or had a high degree of involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example:

a) Defendants knew that the transmitted faxes were advertisements;

b) Defendants participated in the preparation of their content;

c) Defendants provided or obtained the fax telephone numbers of Plaintiff and the members of the Class;

d) Defendants and members of the Class have no established business relationship;

e) Defendants compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or

f) Defendants knew that Plaintiff and the members of the Class had not authorized the faxes' transmission by prior express invitation or permission.

61) As a direct and proximate result of said conduct, Plaintiff and members of the Class have sustained damages. Under the TCPA, Plaintiff and each member of the Class are entitled to

injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages.

62) As a result of said conduct, Plaintiff and members of the Class suffered property damage, and Defendant has invaded their privacy.

## COUNT TWO
### (Declaratory Judgment)

63) Plaintiff realleges all allegations heretofore set forth.

64) This count is brought pursuant to the Arizona version of the Uniform Declaratory Judgment Act, A.R.S. § 13-1821 *et seq* and the Federal Declaratory Judgment Act 28 U.S.C. § 2201 *et seq*.

65) A justiciable controversy exists between Plaintiff and the members of the Class and Defendants regarding the legality of Defendants' unsolicited fax transmissions.

66) Defendants claim, or may claim, that their conduct in sending unsolicited fax transmissions does not violate the TCPA.

67) Defendants claim, or may claim, that they obtained express invitation or consent to send the faxes to Plaintiff and the members of the Class.

68) Defendants claim, or may claim, that they enjoyed an established business relationship with Plaintiff and the members of the Class.

69) Plaintiff claims that Defendants' practices violate the TCPA.

## COUNT THREE
### (Civil Conspiracy)

70) Plaintiff realleges all allegations heretofore set forth.

-13-

71) Defendants agreed among themselves to engage in a course of conduct involving a violation of 47 U.S.C. § 227.

72) Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to named Plaintiff and the members of the Class.

73) Named Plaintiff and the members of the Class have been damaged by acts committed by Defendants pursuant to the civil conspiracy above.

74) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiffs and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

## COUNT FOUR
### (Aiding and Abetting)

75) Plaintiff realleges all allegations heretofore set forth.

76) Defendants aided and abetted one another as follows:

a) The sender of the Exhibit 1 Fax committed a violation of the TCPA; and

b) Defendants knew that the sender of the Exhibit 1 Fax violated the TCPA; and

c) Defendants substantially assisted or encouraged the sender of the Exhibit 1 Fax in the following non-exclusive actions:

   i) They provided the information contained in the Exhibit 1 Fax; and

   ii) They provided the opportunity to the sender of the Exhibit 1 Fax to violate the TCPA; and

-14-

iii) They sought the benefits of the Exhibit 1 Fax; and

iv) They accepted the benefits of the Exhibit 1 Fax.

77) Named Plaintiff and the Class have been harmed by Defendants' aiding and abetting.

78) Defendants are responsible to named Plaintiff and the Class as aiders and abettors for the same amount of damages as the principal violators of the TCPA.

79) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of named Plaintiff and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no even less than $5,000,000.00 each.

## REQUEST FOR TRIAL BY JURY

80) Plaintiff requests a trial by a jury on all issues triable by a jury.

## RELIEF SOUGHT

Plaintiff prays for relief as follows:

a) For Certification of the Class pursuant to Rule 23 of the Arizona Rules of Civil Procedure; and

b) For extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to send unsolicited faxes; and

c) For judgment in the amount of $500.00 for each member of the Class for incidental statutory damages for each individual unsolicited fax received from Defendants; and

d) For judgment in the amount equal to three times the damages to Plaintiff and each member of the Class under the TCPA, to wit, $1,500.00 for each member of the Class; and

e) For a declaration that Defendants have violated the TCPA because they failed to obtain express invitation or consent to send the subject facsimiles to Plaintiff or the Class; and

f) For a declaration that Defendants violated the TCPA because they did not enjoy an established business relationship with Plaintiff or the members of the Class; and

g) For judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provide by law; and

h) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 3rd day of September, 2008.

PETER STROJNIK

THE LAW FIRM OF PETER STROJNIK

By: Peter Strojnik
Attorney for the Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT 1**

06/23/2008 06:49 AM P. 1 of 1

# Stock RX.

*"Bringing you the best in medical microcap stocks"*

# MEDEFILE INTERNATIONAL, INC. *(MDFI.OB)* LAUNCHES NATIONAL MEDIA CAMPAIGN WITH CNBC. CNN. FOX AND MSNBC.

## WHO IS MDFI

MedeFile International, Inc. (OTCBB:MDFI) is a technology and services organization specializing in the organization, acquisition and management of medical records and images. MedeFile creates a single, highly secure system which makes its members medical records accessible 24 hours per day.

| MedeFile International, Inc. (OTCBB: MDFI) | |
|---|---|
| Recent price: | $0.31 |
| Target Price: | $0.76 |
| Market Cap: | 66.88M |
| Rating: | **Strong Buy** |

## INVESTMENT HIGHLIGHTS

- MEDEFILE INTL, INC. (OTCBB MDFI) Provides Newark Fraternal Order of Police MedeFile memberships.

- The Benefit Source, Inc. to market MedeFile electronic medical records management solution to national customer base.

- Personal Choice Family Practice empowers patients with MedeFile electronic medical records management solution..

- Hayes Clinical Labs to market MedeFile proprietary electronic medical records management solution to its patients.

- MedeFile is aimed to be the first choice of consumers, insurers, healthcare providers and employers.

- MedeFile has taken steps to ensure its compliance with both the Gramm-Leach-Bliley Act and HIPAA requirements.

## YOUR DAILY DOSE

Here's why Stock RX thinks MDFI.OB is a winner.

Healthcare records management is stuck in the past. Think about it. When you see a new doctor, the receptionist still hands you a pen, a clipboard and pages upon pages of medical history forms to fill out – every single time – over and over again.

MEDIFILE INTERNATIONAL, INC. (OTCBB:MDFI) is the 21st century answer to the medical file and storage cabinet. Imagine having all your medical information on your key chain – this is MedeFile's vision. No one wants to think about a loved one in an emergency room being denied care, even temporarily, because essential medical information in not available on demand. MedeFile employs a 128-bit key SSL protocol –the gold standard for Internet security. Let's recap: Safe, Secure, On-demand medical data & storage.

We can go on and on about why MedeFile fits the need for an E based medical information warehousing. Take a few minutes and see for yourself.

**www.medefile.com**

k RX is an independent marketing firm. This report contains forward-looking statements. Past performance does not guarantee future results. This report is based on Stock Rx independent analysis, and may, or may not be the opinion of Stock RX. This report is based on MDFI web site, press releases and also relies on information supplied by sources believed to be reliable. Stock RX has been compensated ten thousand dollars by a third party for the dissemination of this report. The information contained in this report is for informational purposes only, and should not be construed as an offer or solicitation to buy or sell securities. Investors should consult with an investment professional before investing any money.

If you have received this alert in error please call 1-888-277-7349 to have your number removed.

**EXHIBIT 2**

1 | Peter Strojnik, State bar No: 006464
2 | THE LAW FIRM OF PETER STROJNIK
   | 3030 North Central Avenue, Suite 1401
3 | Phoenix, Arizona 85012
   | Telephone: 602-524-6602
4 | Facsimile: 602-296-0135
   | E-mail: *Strojnik@aol.com*
5 | Website: Strojnik.com
6 | Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
BY *M Bonol* DEP
FILED
08 SEP -3 PM 3: 27

7 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8 | **IN AND FOR THE COUNTY OF MARICOPA**

| | | |
|---|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, | ) NO. | CV2008-021122 |
| | ) | **CERTIFICATE OF ARBITRATION** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STOCK RX, a fictitiously named defendant whose true legal identity is not known by Plaintiff; MEDEFILE INTERNATIONAL, INC., a Nevada Corporation; MEDEFILE, INC., a Nevada Corporation; THE VANTAGE GROUP, LTD. a/k/a VANTAGE GROUP, LTD., a Delaware Corporation; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The above cause is NOT subject to compulsory arbitration

-1-

RESPECTFULLY SUBMITTED this 3rd day of September, 2008.

PETER STROJNIK, State bar No: 006464

THE LAW FIRM OF PETER STROJNIK

By:  Peter Strojnik
Attorney for Plaintiff

-2-