1  **LAW OFFICES OF ARMAND SALESE, PLLC**
   **Armand Salese**
2  145 S. 6th Avenue
   Tucson, Arizona 85701
3  (520) 903-0825
   as@saleselaw.com
4  PCCN 50468/AZBN 003002
   Attorney for Defendants Medefile International, Inc.,
5    Medefile, Inc. and The Vantage Group, Ltd.

6           IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8  CONSUMER PROTECTION        )    No. CIV 08-1853 PHX-ROS
   CORPORATION, etc.,         )
9                             )    DEFENDANT MEDEFILE
        Plaintiff,            )    INTERNATIONAL, INC., MEDEFILE
10                            )    INC., AND THE VANTAGE GROUP,
   vs.                        )    LTD'S MOTION TO DISMISS
11                            )
   STOCK RX, etc., et al.,    )    (Oral Argument Requested)
12                            )
        Defendant.            )
13  _____)

14         Defendants Medefile International, Inc. ("Medefile International"), Medefile, Inc.

15  ("Medefile") and The Vantage Group, Ltd. ("Vantage") (collectively, the "Defendants")

16  respectfully submit this Memorandum of Law in Support of their motion: (a) pursuant to

17  F.R.C.P. 12(b)(6) and 12(b)(2) to dismiss the Complaint filed and served by Plaintiff

18  Consumer Protection Corporation ("CPC" or "Plaintiff"); and (b) for such other and

19  further relief as this Court deems just and appropriate.

20                        **PRELIMINARY STATEMENT**

21         Plaintiff has brought this cookie cutter complaint against Defendants for violations

22  of the Telephone Consumer Protection Act, 47. U.S.C. §227, (the "TCPA") based upon

23  nothing more than conclusory allegations that fail to state a cause of action as a matter of

24  law.  Notably, Plaintiff does not, and can not, allege any specific allegations of

25  wrongdoing related to Vantage, Medefile or Medefile International.

26         First, Plaintiff fails to draw any connection between Vantage and the instant

27  forum.  While Plaintiff uses certain buzz words, it does not, in any way, substantiate these

28  allegations to Vantage's conduct that would allow this Court to exercise personal

    jurisdiction over Vantage.

1   Second, Plaintiff's TCPA claim should be dismissed because it fails to allege the
2   elements necessary to sustain such cause of action.  In particular, Plaintiff fails to
3   properly allege that Medefile International, Medefile or Vantage was the broadcaster of
4   the fax.  In addition, the alleged fax does not constitute an "unsolicited advertisement" in
5   violation of the TCPA.
6   Third, Plaintiff's declaratory judgment cause of action is duplicative of its TCPA
7   claim fails, and by extension, fails as a matter of law.  Likewise, Plaintiff's causes of
8   action for civil conspiracy and aiding and abetting fail because they are derivative claims
9   based upon insufficient allegations of violations of the TCPA.
10  Accordingly, the Court should dismiss the Complaint in its entirety as against
11  Medefile International, Medefile and Vantage.

**STATEMENT OF FACTS**

**Parties**

Plaintiff is an Arizona professional corporation conducting business in the State of Arizona  (Comp., ¶ 1).  Defendant STOCK RX is a fictitious entity whose name appears on the Fax (Comp., ¶ 2).  Defendant Digitalspeed Communications, Inc. ("Digitalspeed") is a Pennsylvania corporation (Comp., ¶ 6).  Defendant Innovative Communications, Inc. ("Innovative") is a Pennsylvania corporation (Comp., ¶ 7).  Defendant Adam Pasternack ("Pasternack") is an individual residing in the State of Pennsylvania (Comp., ¶ 8). Medefile International is a Nevada corporation listed on the OTC exchange under the symbol "MDFI.OB" (Comp., ¶ 3).  Medefile is a Nevada corporation and subsidiary of Medefile International (Comp., ¶ 4).  Vantage is a Delaware corporation with its principal place of business in New York (Comp., ¶ 5; Exhibit 1 hereto, Declaration of Lyle Hauser dated October 24, 2008 ¶ 3.)

**The Fax Campaign**

Plaintiff alleges upon information and belief that Defendants, as a group, transmitted a fax (the "Fax") to Plaintiff and the members of the purported Class on or about June 23, 2008 in order to manipulate the stock price of Medefile International

1  (Comp., ¶¶ 23, 36, and Exh. 1 thereto).  Plaintiff further alleges that Stock RX was paid
2  the sum of $10,000.00 by some third-party for broadcasting the Fax  (Comp., ¶ 24, and
3  Exh. 1 thereto).  Plaintiff alleges that Defendant Pasternack, President and Chief
4  Executive Officer of Digitalspeed, is also the alter ego of both Digitalspeed and
5  Innovative (Comp., ¶¶ 29-31).  Plaintiff further alleges that Pasternack has been "cited by
6  the Federal Communications Commission in the past for violation of the TCPA through
7  the broadcasting of unsolicited facsimile advertisements" (Comp., ¶ 28).  Plaintiff fails to
8  allege that Medefile International, Medefile or Vantage have any connection to,
9  controlled, or operated Stock RX, Pasternack, Digitalspeed or Innovative (See generally
10 Comp., ¶¶ 15-48.)
11         Plaintiff alleges that the Fax contained a telephone number which would allow the
12 receiver of the Fax to have his number removed (the "Removal Number") (Comp., ¶ 33).
13 Plaintiff further alleges that the Removal Number was issued to Defendant Digitalspeed.
14 (Comp., ¶ 34).
15         Plaintiff's only allegations specifically related to Medefile International and
16 Vantage are alleged upon information and belief and specifically state as follows:

> ***Upon information and belief,*** Medefile International, Medefile International's officers, directors and insiders, including Vantage, provided advice and encouragement with respect to the transmission of the Exhibit 1 Fax.

(Comp., ¶ 45) (emphasis added).

> ***Upon information and belief,*** Medefile International, Medefile International's officers, directors and insiders, including Vantage, assisted and/or participated with respect to the transmission of the Unsolicited faxes.

(Comp., ¶ 46) (emphasis added).

### Procedural History

The instant purported class action was initiated by the filing of a summons and complaint dated September 3, 2008, in the Superior Court of the State of Arizona in and for the County of Maricopa.  On October 8, 2008, Defendants removed this action to the Federal Court for the District of Arizona.  The Complaint asserts four causes of action:

1  (1) violation of the TCPA (Comp., ¶¶ 57-62) (2) declaratory judgment (Comp., ¶¶ 63-69);
2  (3) civil conspiracy (Comp., ¶¶ 70-74); and (4) aiding and abetting against all defendants
3  (Comp., ¶¶ 75-79).

## ARGUMENT

### I.   Standards

#### A.   12(b)(6)

The dispositive issue raised by a motion to dismiss pursuant to Rule 12(b)(6) is whether the facts as pleaded, if established, support a valid claim for relief. *Linquist v. Farmers Insur. Co. of Ariz.*, No. CV 06-587-TUC-FRZ, 2008 WL 343299, at *1 (D. Ariz. Feb. 6, 2008). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Further, while a court accepts all allegations of material fact in the complaint as true, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Id*. at 754-55. Dismissal of the complaint or any claim can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory". *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

#### B.   12(b)(2)

Rule 12(b)(2) governs the dismissal of an action for lack of personal jurisdiction. At the motion to dismiss stage, a plaintiff must only make a *prima facie* showing of personal jurisdiction to overcome a 12(b)(2) motion. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). However, mere "bare bones" assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden. *Id.* In addition, a court may consider evidence presented in affidavits to assist in its determination. *Cammate Systems, Inc. v. Telescopic, LLC*, No. CV-06-0831 (PHX), 2006 WL 2009059 (D. Ariz. July 17, 2006).

## II. THE COMPLAINT SHOULD BE DISMISSED AGAINST VANTAGE FOR LACK OF PERSONAL JURISDICTION

Vantage does not have <u>*any*</u>, let alone meaningful, contacts to the state of Arizona and cannot be subjected to jurisdiction in this Court pursuant to Arizona's long-arm statute (Comp., ¶ 5). Arizona's long-arm statute provides that an Arizona court may exercise personal jurisdiction over an out-of-state defendant to the fullest extent <u>constitutionally permissible</u>. Ariz. R. Civ. P. 4.2(a); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) (emphasis added). Specifically, Vantage, a non-resident defendant, would be subject to this Court's jurisdiction if it would not violate due process and if Vantage has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Due process essentially protects an out-of-state defendant, like Vantage, from being subjected to suit in a forum in which it has no purposeful or meaningful contacts. *Burger King Corp. v. Rudcewicz*, 471 U.S. 462, 471-72 (1985).

Thus, Plaintiff must allege minimum contacts between Vantage and Arizona sufficient to illustrate general or specific jurisdiction. *Int'l Shoe Co.*, 326 U.S. at 316. The Complaint contains bald and conclusory allegations that fail to demonstrate any meaningful or purposeful contact between Vantage and Arizona.

### A. General Jurisdiction

General jurisdiction exists only where a defendant's activities in the forum state are continuous or systematic. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Complaint fails to allege any of these factors.

1  The Complaint makes a feeble and unsuccessful attempt to demonstrate general jurisdiction over Vantage by grouping it with all Defendants and alleging that "[u]pon information and belief, Defendants continuously and systematically sent unsolicited faxes to the State of Arizona" (Comp., ¶ 11). Initially, this conclusory allegation is based on information and belief. The Fax, itself, annexed as Exhibit 1 to the Complaint fails to mention Vantage in any respect (See Comp., Exh. 1.) In fact, Vantage's only connection to the Complaint is Plaintiff's allegation that Vantage is the majority shareholder and principal financier of Medefile International, and that the President and CEO of Medefile International is the father of Vantage's President and CEO (Comp., ¶¶ 19-22). It is upon these allegations alone that Plaintiff wrongfully seeks to hail Vantage into this Court. In fact, the Complaint does not allege that Vantage has an office in Arizona, has transacted business in Arizona and has solicited business in Arizona (Exhibit 1, Hauser Decl. ¶¶ 4-6).

Vantage is incorporated under the laws of Delaware and its principal place of business is New York (Comp., ¶ 5; Exhibit 1, ¶ 3). Vantage does not and has not directed any marketing, advertisement, or solicitation to persons within the State of Arizona (*Id.*, ¶ 4). Vantage has not and does not maintain any office in the State of Arizona (*Id.,* ¶ 5). Vantage has neither performed any service nor provided any product to any person in the State of Arizona (*Id.,* ¶ 6).

Accordingly, general jurisdiction is not a basis for personal jurisdiction over Vantage.

**B.    Specific Jurisdiction**

In the Ninth Circuit, specific jurisdiction exists if:

> (1) the nonresident defendant purposely directs its activities, or consummates some transaction with the forum state, such that it purposely avails itself of the privilege of conducting business in the forum state; (2) the plaintiff's claim arises out of or relates to the defendant's activities in the forum; and (3) the exercise of jurisdiction in the forum state is reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007). The Complaint fails to allege

these required elements.

### 1.     Purposeful Availment

When applying the specific jurisdiction test, it is essential that defendant purposely availed himself of the privilege of conducting activities in the forum state, thereby invoking the benefits of that state's legal protection. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Further, district courts in the Ninth Circuit utilize the "effects test" as the specific jurisdiction test for tort cases. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991). There are three elements to the effects test: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant could have anticipated would be suffered in the forum state. *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).

Plaintiff's allegations with respect to Vantage do not satisfy the "effects test". (Comp., ¶ 11(f)). As noted above, the Complaint contains only conclusory allegations in which all defendants are grouped together. The only specific allegations related to any defendant that could possibly satisfy the effects test are those allegations related to Stock RX whose name is printed on the Fax and was apparently paid for its dissemination, Digitalspeed, Pasternack who Plaintiff alleges has been "cited . . . for violations of the TCPA through the broadcasting of unsolicited facsimile advertisements," and Innovative. (Comp., ¶¶ 2, 28-29, 31). The Complaint also alleges that the Fax contained a Removal Number, which was issued to Digitalspeed (Comp., ¶¶ 33-34). These allegations, however attenuated, fail to include any connection between these defendants and Vantage.

Further, the Complaint does not allege that Vantage had a role in transmitting the Fax in order to purposely avail itself of the privilege of conducting business in Arizona. Indeed, the Fax itself does not mention Vantage (Comp., Exh. 1 thereto). While the Complaint does state that Vantage is majority shareholder of Medefile International, this fact alone, even if true, does not establish that Vantage is involved in the management or business activities of Medefile International (Comp., ¶ 19; Exhibit 1 hereto, ¶ 9).

-7-

*Meischke-Smith et al. v. Wardell*, 286 F. 785, 790 (9th Cir. 1923) ([s]tockholders of a corporation own its property, but they are not managers of its business or in the immediate control of its affairs.) See also *U.S. v. D'Amato*, 39 F.3d 1249, 1258 (2d Cir. 1994) ("Unlike management, shareholders have no right to manage business.") (citations omitted). Seemingly based solely on Vantage's status as a shareholder of Medefile International, Plaintiff wrongfully makes the bald conclusory allegation that Vantage "assisted and/or participated" in the transmissions of the Fax (Comp., ¶ 46). Notably, this allegation is again made upon information or belief. *Id.* Therefore, the Complaint fails to adequately allege that Vantage purposely availed itself of the privileges of conducting business in Arizona.

### 2. Actions Did Not Arise Through Contacts

Notwithstanding, the lack of purposeful availment, an action arises out of certain forum related activities or contacts if, "but for" the contacts between the defendant and the forum state, the action would not exist. *Teracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

According to the Complaint, this action arose out of the transmission of the Fax to Plaintiff and other residents of Arizona by Stock RX (Comp., ¶¶ 24). There are no allegations in the Complaint stating that "but for" Vantage, the Fax would not have been broadcasted in Arizona. Rather, Plaintiff alleges that Stock RX, whose name appears on the Fax, was paid the sum of $10,000.00 for broadcasting the Fax (Comp., ¶ 24 and Exh. 1 thereto). Plaintiff also alleges that the Removal Number was issued to Digitalspeed. (Comp., ¶ 34). Further, Plaintiff alleges that Pasternack, the alter-ego of Digitalspeed, has been "cited . . . for past for violation of the TCPA through the broadcasting of unsolicited facsimile advertisements" (Comp., ¶¶ 29-31). Accordingly, it is clear Plaintiff's action did not arise through any activities of Vantage.

### 3. Unreasonableness of Jurisdiction

Also necessary for the exercise of personal jurisdiction is that the forum chosen must be reasonable. *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987). There are seven

factors which are evaluated when determining the reasonableness of a forum's exercise of jurisdiction: (1) the burden on the defendant, (2) existence of an alternative forum, (3) convenient and effective relief for the plaintiff, (4) the forum state's interest in adjudicating the suit, (5) efficient resolution of the controversy, (6) purposeful interjection, and (7) conflicts with sovereignty. *Pac. Atlantic Trading Co., Inc. v. The M/V Main Express*, 758 F.2d 1325, 1329-31 (9th Cir. 1985).

In this instance, Vantage is a Delaware Corporation with an office in New York. (Comp., ¶ 5; Exhibit 1, ¶ 3). Vantage does not conduct or solicit business in Arizona. (*Id.*, ¶¶ 4-6). Jurisdiction in Arizona would force Vantage to litigate in a state where it has no presence or contacts causing it undue burden, hardship and expense. *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981) (with regard to personal jurisdiction the burden on the defendant is the primary concern). Moreover, all of the defendants are foreign, and four of which reside, have offices, or are incorporated on the East Coast of the United States. Thus, the proof necessary in the trial of this action and potential witnesses would be located in the East Coast of the United States.

Accordingly, specific jurisdiction is not a basis for personal jurisdiction over Vantage.

### III. PLAINTIFF DOES NOT ALLEGE COGNIZABLE CAUSES OF ACTION AGAINST DEFENDANTS

#### A. TCPA

##### 1. The Complaint Fails to Address Defendants

The TCPA provides that it is unlawful to use a telephone facsimile machine, computer or other device to send an "unsolicited advertisement." 47 U.S.C.A. §227(b)(1)(C). To prevail on a claim under the TCPA, a plaintiff must show that a defendant: (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement". *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008).

Here, Plaintiff groups all defendants together and alleges that: (1) Defendants violated the TCPA by broadcasting the Fax to Plaintiff and the Class; and (2) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class (Comp., ¶¶ 58-59). By grouping all the defendants together, Plaintiff never specifically alleges that Medefile International, Medefile or Vantage broadcasted the Fax – a fact necessary to predicate a claim based on the TCPA. *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 322 (5th Cir. 2008) (Finding "BioPay, through a third-party contractor, sent over 4,000 messages advertising its services to potential clients in Louisiana"; see also *Hinman*, 545 F. Supp. 2d at 805.

Further, the Fax states on its face that it was prepared and transmitted by Stock RX, not Medefile International, Medefile or Vantage (Comp., ¶¶ 33-34 and Exh. 1 thereto). Plaintiff further concedes that the Removal Number contained on the Fax belongs to a company called Digitalspeed, and by extension, Pasternack (Comp., ¶¶ 33-34 and Exh. 1 thereto).

Courts have applied the TCPA not only to the broadcaster of unsolicited faxes but also to the companies who hired these broadcasters. *Covington & Burling v. Int'l Mktg. & Research, Inc. et al.*, No. CIV. 01-0004369, 2003 WL 21384825, at *7-8 (D.C. Super. April 17, 2003). In *Covington & Burling*, a law firm received 1,634 unsolicited fax advertisements on behalf of defendants Advanced Cellular Communications, Colorjet, and International Market & Research, Inc., which were sent by Fax.com. *Id*. at *1-2. Before trial, Fax.com admitted that it transmitted faxes on behalf of its clients Advanced Cellular Communications, Colorjet, and International Market & Research, Inc. *Id*. at *7-8. Further, Advanced Cellular Communications and Colorjet admitted that they hired Fax.Com to transmit fax advertising on their behalf. *Id*. The Court held that the companies whose products were advertised could also be held liable based upon violations of the TCPA because of these companies <u>hired</u> the broadcaster to broadcast the fax. *Id*.

-10-

1    Here, Plaintiff has not alleged that Medefile International, Medefile or Vantage
2 hired any person or entity to broadcast the Fax. Instead, Plaintiff states, upon information
3 and belief that <u>all</u> defendants, not specifically Medefile International, Medefile or
4 Vantage, "transmitted or caused to be transmitted … or had a high degree of
5 involvement" in the transmission of the Fax (Comp., ¶ 60). These conclusory allegations,
6 stated only upon information and belief, fail to specify what part each defendant had in
7 the transmission of the Fax and are insufficient as a matter of law to sustain a cause of
8 action based upon the TCPA.

### 2. The Fax is not an "Unsolicited Advertisement"

10   Despite Plaintiff's failure to specifically allege that Defendants were involved in
11 the transmission of the Fax, the Fax is not even an "unsolicited advertisement" under the
12 TCPA. An "unsolicited advertisement" is "any material advertising the commercial
13 availability or quality of any property, goods, or services which is transmitted to any
14 person without that person's prior express invitation or permission . . . ." 47 U.S.C.
15 §227(a)(5) (2005). Here, Plaintiff does not allege that the Fax is advertising the
16 commercial availability or quality of Medefile International; rather, the "purpose of the
17 Exhibit 1 Fax was to manipulate [Medefile International] stock in the securities market."
18 (Comp., ¶ 36).[1] Indeed, the Fax contains historical stock prices, and characterizes the
19 stock as a "Strong Buy" (See Comp. and Exh. 1 thereto). Accordingly, the TCPA cause
20 of action should be dismissed because the Fax is not an "unsolicited advertisement".
21 *Ameriguard v. University of Kansas Medical Cen. Res. Institute, Inc.*, 222 Fed. Appx.
22 530, 530-31 (8th Cir. 2007).

---

[1] Supporting Plaintiff's contention as to the purpose of the Fax, the Complaint discusses in detail the economic prospects of Medefile International as well as a proposed "Pump and Dump" plan in connection with its stock (Comp., ¶¶ 15-27, 36, 39-44).

**B.     Declaratory Judgment**

Plaintiff's declaratory judgment pursuant to A.R.S. § 13-1821[2] and the Federal Declaratory Judgment Act 28. U.S.C. § 2201 (Comp., ¶¶ 63-69.) is not sustainable if the declaration would be merely duplicative of a request for damages *Swartz*, 476 F.3d at 766. Here, Plaintiff is asking that this Court issue a declaration that the Defendants violated the TCPA. Thus, this cause of action is duplicative of the Plaintiff's TCPA action. Moreover, Plaintiff has failed to properly allege a violation of the TCPA, and thus Plaintiff's declaratory judgment cause of action must be dismissed.

**C.     Civil Conspiracy and Aiding and Abetting**

For a civil conspiracy to occur, "two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Baker v. Stewart Title & Trust of Phoenix*, 197 Ariz. 535, 542, 5 P.3d 249, 256 (App. 2000). Here, aside from the conclusory allegation that "Defendants agreed among themselves to engage in a course of conduct involving a violation of 47 U.S.C. § 227" (Comp., ¶ 71), Plaintiff fails to allege any agreement, implicit or explicit, between particular defendants regarding the transmission of the Fax. Plaintiff is not entitled to allege a cause of action based on intentionally vague and conclusory allegations that fail to establish the necessary elements to plead a civil conspiracy cause of action. *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 398 Pension Trust Fund et al.*, 201 Ariz. 474, 498-499, 38 P.3d 12, 36-37 (Ariz. 2002) ("a claim for civil conspiracy must include an actual agreement, proven by clear and convincing evidence…")

Further, a claim for civil conspiracy and aiding and abetting are derivative torts for which a plaintiff may recover only if it has adequately pled an independent primary tort.

---

[2] As a preliminary matter, A.R.S. §13-1821 is a former section of Arizona's criminal code that deals with theft. The proper statute in Arizona for declaratory judgments is A.R.S. §12-1831.

-12-

1    *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. App. 1988) (conspiracy); *Wells Fargo Bank*, 38 P.3d at 23 (aiding and abetting). Because the underlying tort, violation of the TCPA, has not been sufficiently pled, the civil conspiracy and aiding and abetting actions should be dismissed.

## Conclusion

For all the foregoing reasons, the Court should grant Defendants Medefile International, Inc., Medefile, Inc. and The Vantage Group, Ltd.'s motion to dismiss and the Complaint should be dismissed in its entirety.

DATED this 28th day of October, 2008.

                                     **LAW OFFICES OF ARMAND SALESE, PLLC**

                                     /S/Armand Salese
                                     **Armand Salese**
                                     Attorney for Plaintiff

I certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System on October 28, 2008.

/S/ Vicki Adams
Vicki Adams
Assistant to Armand Salese