Jason S. Vanacour (#022738)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6369
Facsimile: (602) 382-6070
jvanacour@swlaw.com
Attorney for Jane Doe Pasternack
aka Alla Pasternack

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> STOCK RX, e*t al.* <br><br> Defendants. | No. CV-08-1853-PHX-ROS <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLA PASTERNACK'S MOTION TO DISMISS** <br><br> **(oral argument requested)** |

Defendant Alla Pasternack ("Defendant Pasternack" or "Ms. Pasternack") submits this memorandum of law in support of her motion, pursuant to Federal Rules 8(a), 12(b)(2), and 12(b)(6), to dismiss Plaintiff Consumer Protection Corp.'s Complaint. The Court should dismiss this Complaint because this Court lacks jurisdiction over Defendant and because Plaintiff's Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8(a).

**I.     INTRODUCTION.**

This action is brought by the Consumer Protection Corporation ("CPC"). CPC is an Arizona corporation incorporated by Peter Strojnik, counsel for Plaintiff. His wife, Tanya C. Strojnik, is the sole director listed on CPC's Articles of Incorporation. The Complaint names more than nine defendants that Plaintiff alleges violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, by sending an unsolicited facsimile (the "Fax") on or about May 28, 2008. Some of the Defendants are companies mentioned

1  in the allegedly unsolicited Fax. Others are telecommunications companies that allegedly
2  provided the telecommunications services underlying the transmission of the Fax. Still
3  others, including Ms. Pasternack, are private individuals with limited or no connection to
4  this dispute. However, Plaintiff would have the Court believe that all of these defendants
5  are interchangeable. While it would seem that the Complaint would detail at least some
6  specific allegedly impermissible acts of each of the named defendants, a close reading of
7  the Complaint reveals otherwise.

8  This is especially true with respect to Ms. Pasternack.[1] Ms. Pasternack, a resident
9  of Pennsylvania, is the wife of Adam Pasternack, another named Defendant. The
10 Complaint alleges (albeit with no support) that Adam Pasternack is the Chief Executive
11 Officer of Defendant DigitalSpeed Communications, Inc. as well as the alter ego of both
12 DigitalSpeed Communications, Inc. and another Defendant, namely, Innovative
13 Communications, Inc. Compl. ¶¶ 29-31. Ms. Pasternack, however, is not an owner,
14 director, officer, agent, or employee of any of the other named corporate defendants in
15 this action, nor is she an agent or employee of her husband, as the attached declaration
16 demonstrates. A. Pasternack Decl. (Exhibit A) ¶¶ 4-6. Other than through her marriage
17 to Adam Pasternack, there is no connection between her and any of the named defendants.
18 In fact, there are absolutely no allegations in the Complaint that Ms. Pasternack
19 participated in the transmission of the Fax. Rather, Plaintiff attempts to implicate Ms.
20 Pasternack simply by lumping her in generally with all the other defendants allegedly
21 involved in the sending of the Fax. *See, e.g.,* Compl. ¶ 35 ("On or about June 23, 2008,
22 Defendants send [sic] the Exhibit 1 Fax to Plaintiff and the members of the Class, Exhibit
23 1 [sic], in violation of TCPA.") Indeed, Plaintiff neither alleges any specific facts to
24 support Ms. Pasternack's alleged involvement in the sending of the Fax, nor does Plaintiff
25 allege any facts to support personal jurisdiction over Ms. Pasternack in Arizona.

---

[1] Ms. Pasternack's correct, first name – Alla – is never mentioned in the Complaint or Summons. Rather Ms. Pasternack is identified as "Jane Doe Pasternack" in the caption of the Complaint and, in that same regard in paragraph 9 of the Complaint, also is described as the wife of Adam Pasternack.

This Complaint must be dismissed for two independent reasons:

- As an initial matter, this Court cannot exercise personal jurisdiction over Ms. Pasternack. She lacks contacts with Arizona sufficient for this Court to exercise jurisdiction over her without offending due process.

- Throughout its Complaint, Plaintiff fails to distinguish among the various defendants and simply alleges facts and counts against "Defendants" without differentiating among them as to the role, if any, each defendant (allegedly) had. Indeed, Plaintiff's allegations in the Complaint, both in general and specifically so far as Ms. Pasternack is concerned, are impermissibly pled with a "formulaic recitation of the elements of a cause of action" which does not suffice under the Supreme Court's application of Rule 8 in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

## II.   STATEMENT OF FACTS.

Defendant Alla Pasternack is a resident of Pennsylvania. Compl. ¶ 9. Ms. Pasternack is the wife of Defendant Adam Pasternack. Compl. ¶ 9. Ms. Pasternack is not an owner, director, agent, or employee of any of the named corporate or individual defendants, including her husband. A. Pasternack Decl. ¶¶ 4-6. Ms. Pasternack does not live in Arizona, conduct business in Arizona, maintain assets in Arizona, own any property in Arizona, or send unsolicited faxes to Arizona. A. Pasternack Decl. ¶¶ 2-3.

## III.   LEGAL ARGUMENT.

### A.   The Complaint Should be Dismissed Against Alla Pasternack for Lack of Personal Jurisdiction.

A federal court applies the personal jurisdiction rules of the forum state. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's long-arm statute permits exercise of personal jurisdiction "to the maximum extent permitted by the [Arizona] Constitution . . . and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). Because the limits of Arizona's statute are co-extensive with those of due process, the Court must determine whether Arizona may constitutionally assert jurisdiction over the Defendant Pasternack. *Batton v. Tennesee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987); *Armstrong v. Aramco Services Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ariz. Ct. App. 1987).

1 Courts may assert either general or specific jurisdiction over defendants. *Id.* The former is available only where the defendant "has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id.* (*citing Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984)). In contrast, a court may exercise specific jurisdiction over a foreign defendant if its less substantial contacts with the forum give rise to the cause of action before the court. *Id.* at 271 (holding that whether specific jurisdiction exists depends on whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

As the party seeking to establish jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.") (*internal quotations omitted*). Plaintiff has failed to allege sufficient facts to indicate that Ms. Pasternack is subject to personal jurisdiction in Arizona. In fact, Ms. Pasternack lacks such contacts and no Arizona court can exercise general or specific jurisdiction over her without offending due process.

    1. **The Exercise of General Jurisdiction is Inappropriate.**

"The level of contact required to show general jurisdiction is quite high," *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 283 (Ariz. 2000), and "requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotations omitted). For a court to exercise general jurisdiction over a defendant, the court must find that the defendant's contacts with the forum state are "substantial" or "continuous and systematic." *Id.* (*citing Helicopteros*, 466 U.S. at 415). In addition, the defendant must "have sufficient minimum contacts with the forum such that exercising jurisdiction does not offend traditional notions of fair play and substantial justice." *Armstrong*, 155 Ariz. at 350, 746 P.2d at 922.

Ms. Pasternack has no contacts with Arizona and thus no grounds exist for the exercise of general jurisdiction. Ms. Pasternack does not live in Arizona, visit there regularly, conduct business in Arizona, pay taxes in Arizona, maintain bank accounts in Arizona, or own property in Arizona. A. Pasternack Decl. ¶ 3. As such, this Court should refrain from exercising general jurisdiction over Ms. Pasternack. *Armstrong*, 155 Ariz. at 350.

 2. **The Exercise of Specific Jurisdiction is Inappropriate.**

When a defendant's activities in the form state do not subject it to general jurisdiction, the court may still exercise specific jurisdiction over a defendant if "(1) the defendant purposefully avails himself of the privilege of conducting business in the forum; (2) the claim arises out of or relates to the defendant's contact with the forum; and (3) the exercise of jurisdiction is reasonable." *Williams*, 199 Ariz. at 3. Although specific jurisdiction may arise without the defendant ever being physically present in the forum state, "it does not arise from the plaintiff's or a third party's unilateral activity." *Id.* (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295 (1980)).

This Court lacks personal jurisdiction over Ms. Pasternack as none of the three requirements for specific jurisdiction described above are met. With respect to the first requirement, the key to this inquiry is "whether defendant *purposefully* created contacts with the forum state." *Batton*, 153 Ariz. at 271 (emphasis in original). Ms. Pasternack is a private citizen residing in Pennsylvania, and has no contacts with Arizona. Not only did Ms. Pasternack not *purposefully* create contacts with Arizona, no such contacts exist. She does not own, operate, work for, or provide services to any of the other companies or individuals named in the lawsuit. Ms Pasternack was not involved in the creation or transmission of the unsolicited Fax alleged in the Complaint, nor does the Complaint specifically allege that she was. *See, e.g.,* A. Pasternack Decl. ¶ 7; Compl. ¶ 24. Simply put, Ms. Pasternack has no connection with Arizona or with any of the allegations made by Plaintiff in the Complaint. For the same reasons, the second requirement for the Court to exercise personal jurisdiction over Ms. Pasternack is not met; Plaintiff fails to allege

sufficient facts to suggest that its claim "arises out of or relates to" Ms. Pasternack's (non-existent) contacts with Arizona because none exist.

Finally, the third part of the specific jurisdiction test requires that the exercise of jurisdiction be reasonable. "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King Corp. v.* Rudzewicz, 471 U.S. 462, 476 (1985)). Specifically, the "reasonableness" determination requires the consideration of several factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088.

Here, Plaintiff cannot make the required showing that the exercise of specific jurisdiction over Ms. Pasternack in Arizona would be reasonable. First, Ms. Pasternack has not injected herself into Arizona, purposefully or otherwise. A. Pasternack Decl. ¶ 3. Second, defending a lawsuit across the country and three time zones away would place a significant legal and financial burden upon Ms. Pasternack. Third, assertion of personal jurisdiction by a court in Arizona over a citizen of Pennsylvania with no ties to the forum state greatly offends the sovereignty of Pennsylvania. Fourth, Arizona's interest in adjudicating this dispute is minor – nothing in the record indicates that Arizona's citizens were uniquely targeted to receive the alleged Fax and other forums are more convenient for the Defendant. Fifth, there is no reason to believe that this dispute could not be adequately handled by the Pennsylvania courts, particularly given that, upon information and belief, Defendant Adam Pasternack, Defendant DigitalSpeed Communications, Inc., and Defendant Innovative Communications, Inc. are all located in that state. Finally, Plaintiff has made no showing that having its claims resolved in Arizona is important to

1    the Plaintiff's interests.  Clearly, the great weight of the factors listed above suggests that

2    the exercise of personal jurisdiction by this Court over Ms. Pasternack would not comport

3    with the principles of "fair play" and substantial justice" established by the Supreme

4    Court in *Burger King*.  *See Burger King*, 471 U.S. at 476.

   **B.    Plaintiff's Complaint Should be Dismissed for Failure to Properly Plead Claims Under Fed. R. Civ. P. 8(a).**

7    Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's

8    complaint must set forth "a short and plain statement of the claim . . .."  It is proper to

9    dismiss a complaint that fails to comply with Rule 8(a).  *See*, *e.g.*, *Bell Atl. Corp.*, 127

10   S.Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do");

11   *Lory v. Ryan,* 2008 WL 4630306 (D.Ariz.) (applying *Twombly*); *Closterman v. Johnson*,

12   1992 WL 220683 (D. Or. 1992); s*ee also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415

13   (9th Cir. 1985) (affirming dismissal under FRCP 8 of complaint that was "confusing and

14   conclusory

15   In *Closterman*, the court dismissed the complaint for failure to comply with Rule 8

16   because, in part, the complaint "did not separately state [plaintiff's] claims for relief or

17   adequately specify how each named defendant participated in the alleged wrongs." *Id.* at

18   *1.  Here, the Complaint is 16 pages long and its recitations are disjointed, confusing and,

19   most importantly, non-specific as to Defendant Alla Pasternack.  Throughout, Plaintiff

20   refers to "Defendants" in reference to the nine individually named parties and numerous

21   unnamed parties without specifying how the allegations apply to any particular defendant.

22   Compl. ¶ 1-10. For example, Plaintiff's Count 1 asserts, in conclusory fashion, that

23   "Defendants violated the Telephone Consumer Protection Act of 1991, and the Junk Fax

24   Prevention Act of 2005 ("TCPA") 47 U.S.C. § 227, et seq.  . . . by broadcasting the

25   Exhibit 1 Fax to Plaintiff and the Class",   Compl. ¶ 61, without reciting either in the

26   factual background portion of the Complaint or elsewhere any facts that would

27   "adequately specify how each named defendant participated in the alleged wrongs."

28

*Closterman*, *supra*.[2]  Indeed, other than identifying Ms. Pasternack as a defendant, the Complaint is utterly silent as to any specific role that she allegedly had in this entire matter.

In addition, Plaintiff makes numerous references to subsets of defendants, making it impossible to determine any precise acts alleged against any particular defendant. Compl. ¶¶ 23-24.  For example, Plaintiff alleges that "Defendants broadcasted the Exhibit 1 Fax to Named Plaintiff" and then suggests that "Defendants took advantage of the market manipulation," completely ignoring the fact that some of the named defendants are private individuals, some are publicly traded organizations, and still others are privately-owned telecommunications companies.  Compl. ¶¶ 24, 42.  Most significantly for present purposes, the Complaint does not tie Ms. Pasternack to any of these allegations.

The same is true with regard to the allegations of Conspiracy and Aiding and Abetting (Counts 3 and 4).  Counts 3 and 4 are utterly void of any allegations specific to Ms. Pasternack.  Instead, these counts are pled in a conclusory fashion, and again do not demonstrate how or when Ms. Pasternack conspired with or aided abetted anyone.

In short, the allegations in all four counts of the Complaint against Ms. Pasternack are merely "a formulaic recitation of the elements of a cause of action" and do not suffice under *Twombly, supra.* Accordingly, the Complaint should be dismissed as to her.

### IV.    CONCLUSION.

For the reasons stated above, Defendant Alla Pasternack respectfully requests that this Court dismiss the Complaint.

---

[2]    Count 2 for Declaratory Judgment is similarly conclusory and inadequate in failing to particularize the acts of each individual defendant.

DATED this 28 day of October, 2008.

                        SNELL & WILMER L.L.P.

                By: s/ Jason S. Vanacour
                     Jason S. Vanacour
                     One Arizona Center
                     400 E. Van Buren
                     Phoenix, AZ  85004-2202
                     Attorney for Defendant Jane Doe Pasternack aka
                      Alla Pasternack

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Armand Salese
Law Offices of Armand Salese, PLLC
145 S. 6th Avenue
Tucson, AZ 85701
as@saleselaw.com
Attorneys for Defendants
Medefile International, Inc.,
Medefile Inc. and
The Vantage Group, Ltd.

Peter Strojnik
Peter Strojnik PC
3030 N. Central Ave. Ste 1401
Phoenix, AZ 85012
strojnik@aol.com
Attorney for Plaintiff

s/Jason S. Vanacour

9220878.1