Peter Strojnik, Esq. 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STOCK RX, a fictitiously named defendant whose true legal identity is not known by Plaintiff; MEDEFILE INTERNATIONAL, INC., a Nevada Corporation; MEDEFILE, INC., a Nevada Corporation; THE VANTAGE GROUP, LTD. a/k/a VANTAGE GROUP, LTD., a Delaware Corporation; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50,<br>Defendants. | NO. 2008-cv-01853-PHX-ROS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO ALLA PASTERNACK'S MOTION TO DISMISS**<br><br>**REQUEST FOR PERSONAL JURISDICTION DISCOVERY AND HEARING** |

-1-

# SUMMARY OF RESPONSE

On the matter of the US Supreme Court's new interpretation of Rule 8 in the context of antitrust litigation, see *Bell Atlantic Corp. v. Twombly* , 127 S.Ct. 1955 (2007) ("*Twombly*"), two separate legal facts argue against dismissal: First, the Complaint in this matter was filed in the State Court where the State Supreme Court has specifically held that Arizona will *not* follow Twombly, see *Cullen v. Auto-Owners Insurance Co.*, 218 Ariz. 417, 189 P.3d 344, (2008) ("*Cullen*") ; and, Second, even under Twombly, the allegations are sufficient to pass the *Twombly* "plausibility" test. *Twombly* at 1965-66.

Mrs. Pasternack was named in the suit as the wife of Mr. Pasternack pursuant to the requirements of A.R.S. § 25-215(D) ("In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.") Relative to the allegations in the Complaint, Mr. Pasternack acted for the benefit of his marital community and as a agent of the community.  Since the 9th Circuit follows the derivative jurisdiction standard ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal"), *Sher v. Johnson*, 911 F. 2nd 1357 at 1362 (9th Cir. 1990), this Court has personal jurisdiction over Mrs. Pasternack.

Alternatively, Plaintiff seeks leave to amend the Complaint; initiate personal jurisdiction discovery and schedule a personal jurisdiction hearing on matters raised by Mrs. Pasternack.

Insofar as Mrs. Pasternack's Motion to Dismiss is rather duplicative of Medefile's and Vantage Group's Motion to Dismiss, Plaintiff incorporates  Plaintiff's Response In Opposition To Medefile's And Vantage Group's Motion To Dismiss and Exhibits 1 and 2 thereto, and

further supports this Response by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *Twombly* Does Not Govern – *Cullen* Does

In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court established a pleading standard broader than that adopted by Arizona. Rather than direct courts to consider only the reasonable inferences that can be drawn from well-pled facts, the Supreme Court held that "a complaint should not be dismissed for failure to state a claim unless it **appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief**." Id. at 45-46 (emphasis added). In a 2007 *Twombly* antitrust case, however, the Supreme Court retreated from Conley's formulation, describing the "no set of facts" language as "an incomplete, negative gloss on an accepted pleading standard." *Twombly,* 127 S.Ct. at 1969. The Court rejected the language in Conley and clarified the federal standard for filing a complaint, at least in an antitrust class action. According to *Twombly*, Federal Rule of Civil Procedure 8(a) requires that a complaint include sufficient factual allegations to demonstrate that the plaintiff's claim for relief is "plausible." Id. at 1965-66. The Court concluded that a complaint must be dismissed if "the plaintiffs . . . have not nudged their claims across the line from conceivable to plausible." Id. at 1974.

This matter was originally filed in the Maricopa County Superior Court under cause number CV2008-021122. The Complaint complied in all respects with the *Cullen* decision rejecting the modification of Rule 8 pleadings announced by the US Supreme Court in *Twombly*:

> Arizona Rule of Civil Procedure 8(a)(2) (Rule 8) requires that all pleadings that set forth a claim for relief "shall contain . . . [a] short and plain statement of the claim showing that the pleader is entitled to relief." We granted review to dispel any confusion as to whether Arizona has abandoned the notice pleading standard under Rule 8 in favor of the recently articulated standard in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). We hold that Rule 8, as previously interpreted by this Court, governs the sufficiency of claims for relief.

*Cullen*, 218 Ariz. at 417, 189 P.3d at 344. Therefore, the Arizona Supreme Court continues to follow the standard enunciated in *Conley*, 355 U.S. 41, 45-46 ("* * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") *See Long v. Arizona Portland Cement Co.*, 89 Ariz. 366, 362 P.2d 741 (1961) Therefore, even a naked allegation of a "conspiracy", without more, passes muster. Id.

**Even If *Twombly* Governed – Which It Does Not – The Complaint Passes the Test**

The 16 page, 80 paragraph complaint is sufficiently detailed to satisfy even the *Twombly* standard. Plaintiff alleges the identities of the parties (¶¶ 2-9); The relationship of the parties (¶¶ 15-23); the broadcasting of the fax by the defendants or on their behalf (¶ 24); the effect of the broadcast (¶¶ 25-27); Defendant Pasternack's relationship with Digitalspeed Communications and Innovative Communications (¶ 29-31); Tracing of the removal number to Digitalspeed (¶ 34); The broadcast of the fax by the Defendants (¶ 35); the purpose of the broadcast (¶ 36); the market manipulation effect of the fax (¶¶ 39); knowledge on the part of Medefile of the market manipulation (¶ 40); the intent of all defendants to effect market manipulation (¶ 41); the motive of the defendants to manipulate the market though a broadcast of the fax, and their duty of disclosure (¶ 43); the identity of the persons with motive (¶ 44); the encouragement in the broadcast of the fax by some defendants (¶ 45); the participation of some

of the defendants in the broadcasting of the fax (¶ 45); and their failure to disclose the market manipulation (¶ 46). In addition, the Complaint makes the following allegations:

58) Defendants violated the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227 *et seq.* case ("TCPA") by broadcasting the Exhibit 1 Fax to Plaintiff and the Class.
59) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class.
60) On information and belief, in each instance Defendants transmitted or caused to be transmitted unsolicited faxes to telephone machines themselves, or had a high degree of involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example:
   a) Defendants knew that the transmitted faxes were advertisements;
   b) Defendants participated in the preparation of their content;
   c) Defendants provided or obtained the fax telephone numbers of Plaintiff and the members of the Class;
   d) Defendants and members of the Class have no established business relationship;
   e) Defendants compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or
   f) Defendants knew that Plaintiff and the members of the Class had not authorized the faxes' transmission by prior express invitation or permission.

These allegations are sufficient under any standard of pleading.

**Personal Jurisdiction – Mrs. Pasternack**

All pleadings in Arizona require the inclusion of the spouse in a claim against the other.

25-215. Liability of community property and separate property for community and separate debts

A. …
B. …
C. …
D. Except as prohibited in section 25-214, either spouse may contract debts and otherwise act for the benefit of the community. **In an action on such a debt or obligation the spouses shall be sued jointly** and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation. (Emphasis supplied)

"For purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F. 2nd 1357 at 1362 (9th Cir. 1990) See also *E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, S.A.S., 197 F.R.D. 112, 122 (D. Del. 2000) (finding that evidence that an agent had apparent authority to act on the principal's behalf was sufficient to exercise personal jurisdiction over the principal). Since Mr. Pasternack acted as the marital agent for Mrs. Pasternack, jurisdiction over Mrs. Pasternack is proper.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff requests that the Court deny Defendants' Motion to Dismiss or, in the alternative, grant leave to amend the Complaint, permit personal jurisdiction discovery and schedule the matter for a hearing.

RESPECTFULLY SUBMITTED this 4th day of November, 2008.

PETER STROJNIK, P.C.

_____
By: Peter Strojnik
Attorney for the Plaintiff