1  Jason S. Vanacour (#022738)
   SNELL & WILMER L.L.P.
2  One Arizona Center
   400 E. Van Buren
3  Phoenix, AZ 85004-2202
   Telephone: (602) 382-6369
4  Facsimile: (602) 382-6070
   jvanacour@swlaw.com
5  Attorney for Jane Doe Pasternack
   aka Alla Pasternack
6

7               FOR UNITED STATES DISTRICT COURT

8                    THE DISTRICT OF ARIZONA

9  | CONSUMER PROTECTION CORP.,  | No. CV-08-1853-PHX-ROS |

10 |            Plaintiff,        | **REPLY TO OPPOSITION TO MOTION TO DISMISS** |

11 | vs.                          |                        |

12 |                              | **(oral argument requested)** |

13 | STOCK RX, et *al.*           |                        |

14 |            Defendants.       |                        |

15      Defendant Alla Pasternack (a.k.a. "Jane Doe Pasternack" or "Ms. Pasternack"), by

16 and through undersigned counsel, respectfully submits this Reply to Plaintiff's Opposition

17 to Defendant Alla Pasternack's Motion to Dismiss. Plaintiff's Opposition to the Motion

18 to Dismiss neither explains nor justifies the failure of Plaintiff's Complaint to comply

19 with Fed. R. Civ. P. 8(a). In addition, Plaintiff fails to provide the facts necessary to

20 support the exercise of personal jurisdiction over Ms. Pasternack by this Court.

21 **I.   PLAINTIFF'S COMPLAINT DOES NOT COMPLY WITH FRCP 8(A).**

22      Plaintiff bizarrely argues that the Court should apply the Arizona Rules of Civil

23 Procedure to this case and adjudicate Ms. Pasternack's motion based upon Arizona Rule

24 of Civil Procedure 8(a) and 12(b)(6). However, it is indisputably established that a federal

25 court applies the Federal Rules of Civil Procedure and the standards associated therewith

26 to all procedural motions, including motions to dismiss. *Hanna v. Plumer*, 380 U.S. 460,

27 473-74 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function

28 whenever it alters the mode of enforcing state-created rights would be to disembowel

1   either the Constitution's grant of power over federal procedure or Congress' attempt to
2   exercise that power in the Enabling Act."). Indeed, "even in cases removed from state
3   court, the adequacy of pleadings is measured by the federal rules." *Varney v. R.J.*
4   *Reynolds Tobacco Company,* 118 F.Supp.2d 63, 67 (D. Mass. 2000) (*citing Hanna;* other
5   cites omitted); s*ee also Sompo Japan Ins. Co. of Am. v. VIP Transport, Inc.*, 568
6   F.Supp.2d 1080, 1082 (N.D. Cal 2008) (applying *Twombly* to a case removed from state
7   court). As such, the Court must apply Fed. R. Civ. P. 8(a), 12(b) and *Bell Atl. Corp. v.*
8   *Twombly,* 127 S.Ct. 1955 (2007), which requires that Plaintiff make more than a
9   "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.,* 127 S.Ct. at
10  1965.

11        The Complaint fails to comply with the standard established in *Twombly*, despite
12  Plaintiff's protests to the contrary. Indeed, Plaintiff utterly fails to address any of the
13  arguments raised in Ms. Pasternack's Motion to Dismiss. Rather, Plaintiff simply recites
14  portions of its Complaint and boldly declares them "sufficient." Opp. at 4-5. In fact, the
15  allegations are not sufficient. The allegations in the Complaint are vague (failing to
16  identify or differentiate between any of the defendants) (Mot. at 7), contradictory
17  (referencing actions by subgroups of defendants that contradict actions supposedly taken
18  by the group as a whole) (Mot. at 8), and utterly fail to tie Ms. Pasternack to any action
19  alleged in the Complaint (Mot. at 8). To the extent that Plaintiff intended that the
20  Complaint be sufficient as to Ms. Pasternack because actions taken by Mr. Pasternack
21  were intended for the benefit of the marital community, Plaintiff impermissibly fails to
22  plead that. For these reasons, the Complaint fails to comply with Rule 8(a) and should be
23  dismissed under Rule 12(b)(6).[1]

---

[1] Even if the Arizona standard did apply, which it does not, Plaintiff has failed to meet that standard. Plaintiff has failed to set forth well-pled factual allegations to which a reasonable inference of jurisdiction could be drawn. *See Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344, 346 (Ariz. 2008). Rather, Plaintiff's allegations are merely conclusory statement, which are insufficient to survive a motion to dismiss. *Id*.

- 2 -

## II. **PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER MS. PASTERNACK.**

Plaintiff's Opposition to Ms. Pasternack's Motion to Dismiss essentially concedes that Ms. Pasternack took no actions that could subject her to personal jurisdiction in Arizona. Rather, Plaintiff points to A.R.S. § 25-215, which requires that in an action on a debt or obligation the spouses must be sued jointly. However, Plaintiff fails to provide any explanation as to how this statute authorizes jurisdiction over Ms. Pasternack. The problems with any such argument are numerous. First, the limits of Arizona's long-arm statute are co-extensive with those of the Constitution's due process requirement, and the Arizona statute cannot authorize jurisdiction over an individual over whom jurisdiction could not otherwise be exercised in compliance with the due process clause. *See Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987). Second, "the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile at the time of the acquisition of the property." *Lorenz-Auxier Fin. Group, Inc. v. Bidewell*, 772 P.2d 41, 43 (Ariz.Ct.App. 1989). Ms. Pasternack and her husband are long time residents of Pennsylvania (Pasternack Nov. 11 Decl. ¶ 3), and Pennsylvania is not a community property state. *Fratangelo v. Fratangelo*, 360 Pa. Super. 487, 498 (Pa. Super. Ct. 1987) ("Marital property [in Pennsylvania] is not property that is thrown into the pot to be divided equally as in community property states, but property impressed with equitable consideration which must be evaluated before apportionment is considered."). Indeed, the Pennsylvania Supreme Court has found "community property" statutes such as Arizona's to violate Pennsylvania public policy. *Everson v. Everson*, 494 Pa. 348, 360 (Pa. 1981). Furthermore, Mr. and Ms. Pasternack have not acquired any property while living in any community property states. Pasternack Nov. 11 Decl. ¶¶ 3-4. As such, Arizona statutes regarding marital property are inapplicable to Mr. and Mrs. Pasternack. *Cf. Best Western Int'l, Inc. v. Doe*, 2007 WL 2410341 (D. Ariz. 2007) (only "[i]f the evidence ultimately shows that Defendants acquired community property at some time in their marriage [in a community property state], there would appear to be a marital

1 community on behalf of which Defendants could act, potentially giving rise to jurisdiction
2 over their spouses.").

3 Finally, Plaintiff has not made any allegations specific to Ms. Pasternack's conduct or even to that of her husband or any of the companies with which he is allegedly affiliated.[2] Rather, Plaintiff simply alleges that "Defendants broadcasted the Exhibit 1 Fax to Named Plaintiff." Compl. ¶ 24. "Mere allegations of the complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone." *Taylor v. Portland Paramount Co*., 383 F.2d 634, 639 (9th Cir. 1967); Cummings v. Western *Trial Lawyers Association*, 133 F. Supp.2d 1144 (D. Ariz. 2001) ("The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant.") (citations omitted). "When a defendant moves to dismiss for lack of personal jurisdiction, the Plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Cummings*, 133 F.Supp.2d at 1151. Ms. Pasternack has made clear in her Declarations before this Court that she has no contact in Arizona and no role in Adam Pasternack's business ventures, let alone in having anything to do with the alleged fax to Plaintiff. Alla Pasternack Oct. 28 Decl. ¶¶ 3-7. Furthermore, Ms. Pasternack has now made clear that she and Adam Pasternack neither hold property in a community property state nor have they acquired property while living in one. Alla Pasternack Nov. 11 Decl. ¶¶ 3-4. Ms. Pasternack's sole connection to this case is her marriage to Mr. Pasternack, which is insufficient to warrant the exercise of personal jurisdiction over her. *See, e.g., Trio Realty, Inc. v. Eldorado Homes, Inc*., 350 F.Supp.2d 322, 333 (D. Puerto Rico 2004) (holding that the Court could not exercise jurisdiction over defendant's wife when "Plaintiff has made no allegations, presented no evidence, nor made any claims against [her.]").

Plaintiff does allege in its Opposition that Mr. Pasternack acted as the marital agent

---

[2] Mr. Pasternack has only recently been served in this case and has not yet responded to the Complaint.

- 4 -

for Ms. Pasternack, and therefore jurisdiction over Ms. Pasternack is appropriate. Opp. at 6. However, Plaintiff provides no support for this statement, and it is in direct contraction of Ms. Pasternack's declaration that she is not associated professionally with Mr. Pasternack or any of the other defendants. Alla Pasternack Oct. 28 Decl. ¶¶ 3-7. Furthermore, the cases cited by Plaintiff point to a different result. In one case cited by Plaintiff, *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), the Ninth Circuit held in a business context that "a partner's actions may be imputed to the partnership for the purpose of establishing minimum contacts, but ordinarily may not be imputed to the other partners." *Sher*, 911 F.2d at 1366. It further held that "[r]egardless of [any potential] joint liability, jurisdiction over each defendant must be established individually." *Id.* at 1365; *see also Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("the parties' relationships with each other may be significant in evaluating their ties to the forum. The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction.") Plaintiff utterly fails to provide any facts to support personal jurisdiction over Ms. Pasternack.[3]

Plaintiff's Opposition consists of nothing more than a recitation of its claims (albeit with an affidavit also reciting the claims in conclusory fashion), and offers no additional facts to support the assertion of personal jurisdiction over Ms. Pasternack or even over Mr. Pasternack. Another District Court in this circuit, when faced with a nearly identical pleading, found the pleading inadequate and dismissed the Complaint for lack of jurisdiction with respect to the defendant. In *Kirsch v. Cuadra*, 2005 U.S. Dist. LEXIS 25386 (N. Cal. 2005), the Court found that:

---

[3] Plaintiff also inexplicably cites to a Delaware case for the proposition that an act by an agent can subject a principal to jurisdiction through either an "alter ego" theory or the "agency" theory. *E.I. duPont de Nemours & Co. v. Rhodia Fiber and Resin Intermediaries, S.A.S.*, 197 F.R.D. 12, 122 (D. Del. 2000). However, the spousal relationship is not analogous to a corporate parent-subsidiary relationship at issue in *E.I. duPont*. Furthermore, Ms. Pasternack, an individual, certainly cannot be the "alter ego" of Mr. Pasternack, another individual, and the record directly contradicts any assertions that Mr. Pasternack acted as an agent of Ms. Pasternack's in any way, let alone in a manner that would subject her to personal jurisdiction. Alla Pasternack Oct. 28 Decl. ¶¶ 3-7.

- 5 -

> Starting with Plaintiff's Complaint, as the excerpt set forth above illustrates,[4] Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically. Rather, Plaintiff alleges that the defendants, generally, violated the [TCPA] by sending 18 faxes to him containing unsolicited advertisements. These conclusory statements . . . are insufficient to sustain a finding that Defendant Ross either purposefully availed himself of the privilege of conducting activities in California, or committed an intentional act aimed at California.

*Kirsch*, 2005 U.S. Dist. LEXIS 25386 at *20-21 (internal citations omitted).[5]  Here, as in *Kirsch*, Plaintiff "fails to identify any conduct by [the Defendant] that would support a finding that [the Defendant] had the requisite minimum contacts with [the forum state]." *Id.* at *21.  At most, Plaintiff has alleged that Ms. Pasternack is married to someone who Plaintiff claims was partially responsible for the faxes it received. *Compare id.* at *21. Indeed, as noted above, Plaintiff's Complaint also fails to make any specific allegations even as to Mr. Pasternack.  The Complaint thus utterly fails to provide any facts to support jurisdiction over Ms. Pasternack.

## III. THE RECORD IS DEVOID OF FACTUAL DISAGREEMENTS WARRANTING DISCOVERY OR AN EVIDENTIARY HEARING.

Whether or not to grant discovery to determine personal jurisdiction "is generally left to the discretion of the trial court." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n.24 (9th Cir. 1977).  A court has discretion to deny discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *America West Airlines. Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quoting *Wells Fargo & Co.*, 556 F.2d at 431 n.24).  Here, there are no factual disputes as to Ms. Pasternack's role in this case.  Plaintiff states that the sole reason for her inclusion as a Defendant in the lawsuit is her marriage to Defendant Adam Pasternack. Opp. at 2, 6.  The existence of the marriage itself is undisputed (Alla Pasternack Nov. 11 Decl. ¶ 3), and Plaintiff fails to allege any other facts to support the assertion of personal

---

[4] In *Kirsh*, plaintiff's Complaint simply stated "Defendants sent eighteen such facsimiles to a facsimile line owned by plaintiff." *Kirsh*, 2005 U.S. Dist LEXIS 25386, at *10.

[5] In *dictum*, *Kirsh* stated that the "conclusory statements" satisfied FRCP8(a). *Id.* at *20-21.  It is to be noted, however, that *Kirsh* was decided before *Twombly*.

jurisdiction. As such, discovery as to Ms. Pasternack's contacts with Arizona or with the specific facts of this case is unnecessary and Plaintiff's request for such discovery, and any evidentiary hearing as well, should be denied.

### IV. CONCLUSION.

For the reasons stated above, Defendant Alla Pasternack respectfully requests that this Court dismiss the Complaint as to her.

DATED this 12th day of November, 2008.

SNELL & WILMER L.L.P.

By s/Jason S. Vanacour
Jason S. Vanacour
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Attorney for Defendant

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Armand Salese
Law Offices of Armand Salese, PLLC
145 S. 6th Avenue
Tucson, AZ 85701
as@saleselaw.com
Attorneys for Defendants
Medefile International, Inc.,
Medefile Inc. and
The Vantage Group, Ltd.

Peter Strojnik
Peter Strojnik PC
3030 N. Central Ave. Ste 1401
Phoenix, AZ 85012
strojnik@aol.com
Attorney for Plaintiff

s/Jason S. Vanacour
9253819.1