**LAW OFFICES OF ARMAND SALESE, PLLC**
Armand Salese
145 S. 6th Avenue
Tucson, Arizona 85701
(520) 903-0825
as@saleselaw.com
PCCN 50468/AZBN 003002
Attorney for Defendants Medefile International, Inc.,
  Medefile, Inc. and The Vantage Group, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, etc.,<br><br>         Plaintiff,<br><br>vs.<br><br>STOCK RX, etc., et al.,<br><br>         Defendants. | No. CIV 08-1853 PHX-ROS<br><br>DEFENDANTS' MEDEFILE INTERNATIONAL, INC., MEDEFILE, INC. AND THE VANTAGE GROUP, LTD.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS<br><br>(Oral Argument Requested) |

Defendants Medefile International, Inc., Medefile, Inc. and The Vantage Group, Ltd. (collectively, the "Defendants") hereby submit the following Reply in Support of their Motion to Dismiss.

**Preliminary Statement**

Plaintiff's opposition to the Motion to Dismiss, much like the Complaint, attempts to distract the Court by avoiding the actual arguments raised in the motion and the failings in the Complaint. Plaintiff discusses the legislative intent of the Telephone Consumer Protection Act ("TCPA"), the ability to assert a TCPA claim as a private cause of action and how nefarious fax broadcasters attempt to avoid detection. Notably, none of these issues have anything to do with Defendants or the Motion to Dismiss.

The Motion to Dismiss lays out, in detail, (1) why Plaintiff fails to properly allege personal jurisdiction over Vantage and includes a declaration from its President and CEO, Lyle Hauser, which contradicts the conclusory allegations in the Complaint; (ii) why the TCPA causes of action should be dismissed as against Defendants; and (iii) why the remaining causes of action are defective as a matter of law. In response, Plaintiff merely recites the same defective allegations in the Complaint without regard to the applicable

1  law, requests discovery, and misconstrues the arguments in the Motion to Dismiss.

2  Accordingly, the Court should dismiss the Complaint in its entirety and with
3  prejudice as against Defendants.

**Argument**

**I. PLAINTIFF HAS FAILED TO SATISFY ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT**

   **A.   Plaintiff Has Not Made A *Prima Facie* Showing**

As a preliminary matter, Plaintiff bears the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). As conceded by Plaintiff, even absent formal discovery or an evidentiary hearing, Plaintiff must still demonstrate at least a *prima facie* showing that personal jurisdiction exists to survive a motion to dismiss for lack of personal jurisdiction. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); *Ziegler*, 64 F.3d at 473. A "*prima facie*" showing requires Plaintiff to demonstrate jurisdictional facts. *Data Disc., Inc. v. Svs. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). These facts may come in the form of written materials and may consist of declarations, affidavits, exhibits, or other evidence. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995). However, a plaintiff's affidavits and exhibits submitted in response to a motion to dismiss must be admissible evidence. *Hancock v. Hitt*, No. C-98-960 (ARB), 1998 WL 345392, at *2 (N.D. Cal. June 9, 1998) ("plaintiff must produce **admissible evidence** to support the court's exercise of personal jurisdiction") (emphasis added); *Fujitsu-ICL Sys., Inc. v. Efmark Serv. Co.*, No. 00-CV-0777 (LSP), 2000 WL 1409760, at *3 (S.D. Cal. June 29, 2000) ("a *prima facie* showing means that plaintiff has produced **admissible evidence,** which, if believed, would be sufficient to establish the existence of personal jurisdiction") (emphasis added). Statements in an affidavit only have value when they are based on the affiant's personal knowledge. *Burns v. Lavender Hill Herb Farm, Inc.*, 01-CV-7019, 2002 WL 31513418, at *4 (E.D. Pa. Oct. 30, 2002).

In *Burns*, plaintiff offered an affidavit to establish facts sufficient to justify personal jurisdiction. The affidavit stated:

> "Thomas Burns after being duly sworn according to law, deposes and says the following facts are true and correct to the best of my **knowledge, information and belief**."

*Burns*, 2002 WL 31513418 at *4. The court held that the Burns' affidavit was insufficient to establish personal jurisdiction because personal jurisdiction could not rest on a single affidavit containing inadmissible statements that were not based on the affiant's personal knowledge. *Id*.

Here, the only evidence offered by Plaintiff is the declaration of its counsel, Peter Strojnik (See Pl. Opp., Exh. 2.).[1] Mr. Strojnik's declaration is essentially a recitation of the Complaint, and like *Burns*, is made "to the best of [his] **knowledge, information and belief."** (*Id*.) Thus, counsel's declaration fails to allege personal knowledge of any contacts between Vantage and Arizona. *Green Keepers, Inc. v. Softspikes, Inc.*, No. 98-CV-2255, 1998 WL 717355, at *3 (E.D. Pa. Sept. 23, 1998) (citing *Davis v. Portline Transportes Mar. Intemacional*, 16 F.3d 532, 537 n. 6 (3d Cir. 1994)). See also *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-1413 (9th Cir. 1995) (explaining that declaration by counsel upon information and belief was entitled to "no weight because the declarant did not have personal knowledge"); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) aff'd, 508 U.S. 49, 113 S.Ct. 1920 (1993). As such, Plaintiff has not submitted admissible evidence, and therefore, has not established a *prima facie* showing for personal jurisdiction of Vantage.

Moreover, on a Rule 12(b)(2) motion, a court need not assume the truth of allegations in a pleading that are contradicted by affidavit. *Data Disc., Inc.*, 557 F.2d at 1284. Here, Defendants submitted the Declaration of Lyle Hauser dated October 24,

---

[1] References to "Pl. Opp. at ___" are to Plaintiff's Response in Opposition to Medefile's and Vantage Group's Motion to Dismiss/Request for Personal Jurisdiction Discovery and Hearing, dated November 4, 2008.

1  2008 (the "Hauser Decl."), the President and CEO of Vantage, to directly controvert the
2  Complaint allegations. Mr. Hauser specifically avers that: Vantage is incorporated under
3  the laws of Delaware and its principal place of business is New York; does not and has
4  not directed any marketing, advertisement, or solicitation to persons within the State of
5  Arizona; has not and does not maintain any office in the State of Arizona; has neither
6  performed any service nor provided any product to any person in the State of Arizona;
7  and did not publish or authorize the publication of the Fax (see Hauser Decl., ¶¶3-7).
8  These statements directly controvert Plaintiff's jurisdictional allegations with respect to
9  Vantage, allegations which are made upon information and belief.

10     **B.     Vantage is Not Subject to Either General or Specific Jurisdiction**

11  As detailed in the Motion to Dismiss, Vantage does not have any contacts with the
12  State of Arizona - never mind the constitutionally required minimum contacts - and thus
13  cannot be subject to jurisdiction in Arizona. *Securities and Exchange Commission v.*
14  *Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S.
15  310, 316 (1945)); see Mtn. to Dismiss at 5-9. In its Motion, Vantage further discussed
16  both general and specific jurisdiction and analyzed how the Complaint failed to allege any
17  of the factors necessary to establish personal jurisdiction through either general or
18  specific jurisdiction. *Id.*

19  By contrast, Plaintiff fails to discuss these issues as it relates to exercising personal
20  jurisdiction over Vantage (Compare Pl. Opp. at 4-6). Instead, Plaintiff restates the
21  allegations in the Complaint without explaining how the allegations apply to either the
22  general or specific jurisdictional tests. *Id*. Indeed, the only allegations sufficient to
23  establish jurisdiction are allegations that either group all defendants together or are made
24  upon information and belief (Comp., ¶¶6, 45-46). As detailed in the Motion to Dismiss
25  and disputed by the Hauser Declaration, these allegations are insufficient to establish
26  personal jurisdiction over Vantage (Mtn. to Dismiss at 5-9).

27     **C.     Plaintiff Fails To Properly Plead Alter-Ego Liability**

28  Assuming *arguendo* that Plaintiff is attempting to plead an alter-ego theory of

liability when it states that Vantage is the majority shareholder and principal financier of Medefile International, these allegations are insufficient to establish personal jurisdiction over Vantage (Comp., ¶¶19, 20; Pl. Opp. at 7).

Preliminary, it is well settled that "[o]ne company's exercise over a second corporation of a controlling influence through stock ownership does not make the second corporation an agent of the first." *In re Western States Wholesale Nature Gas Antitrust Litig.*, No. 03-CV-1431 (PAL), 2007 WL 2445953, at *5 (D. Nev. Aug. 17, 2007). Further, mere ownership of shares of a corporation is insufficient to establish personal jurisdiction. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 589-91 (9th Cir. 1996).

Rather, in order to establish liability under an alter-ego theory, Plaintiff must plead that (1) there is such unity of interest and ownership that the separate personalities of Medefile International and Vantage no longer exist; and (2) that failure to disregard their separate identities would result in a fraud or injustice. *Am. Tel. & Tel. Co.*, 94 F.3d at 591. Plaintiff fails in all respects.

Here, Plaintiff fails to allege any specific facts regarding the relationship between Medefile International and Vantage other than that Vantage is the majority shareholder and principal financier in Medefile International, and that the president and Chief Executive Officers at Medefile International and Vantage are father and son (Comp., ¶¶19, 20, 21, 22). These facts alone fail to reflect the necessary unity of interest and ownership needed to establish alter ego liability. *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.1980) (where court refused to find alter ego relationship between a parent company which guaranteed loans for its subsidiary, reviewed and approved the subsidiary's major decisions, placed several of its own directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions).

Assuming Plaintiff is attempting to allege an alter ego claim, it fails as a matter of law.

1         **D.    Plaintiffs Pleas For Discovery Should Be Rejected**

2         Realizing that its cause of action against Vantage is non-existent and hoping to stave off dismissal, Plaintiff pleads with this Court to allow for "personal jurisdiction discovery and that the Court schedule this matter for a hearing." (See Pl. Opp. at 6.) Notably, Plaintiff's entire argument in support of this issue is comprised of one solitary sentence. *Id.* Plaintiff fails to detail the discovery it seeks to illicit, or how such discovery would aid the Court in rendering a decision on the issue of personal jurisdiction. Rather, Plaintiff's request is tantamount to a fishing expedition and should be denied. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming district court's decision to deny jurisdictional discovery and noting that "where a plaintiff's claim of personal jurisdiction appears to be attenuated and based upon bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...") (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)); see also *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003) (stating that denial of jurisdictional discovery is proper where plaintiff "offers only speculation or conclusory assertions about contacts in forum state.")

        Further, discovery is not permitted where declarations alone answer all of plaintiff's jurisdictional questions or where the declarations offered by defendant to defeat personal jurisdiction establish a complete lack of contacts with the forum state. *Lever Norwich Union Ins. Soc'y*, No. C97-2533 (MJJ), 1998 WL 544971, at *4 (N.D. Cal. Aug. 5, 1998). Here, the Hauser Declaration answers all of Plaintiff's jurisdictional questions and sets forth a complete lack of contacts between Vantage and Arizona (Hauser Decl., ¶¶ 3-9.)

        Accordingly, this Court should deny Plaintiff's request for discovery and a hearing regarding personal jurisdiction.

///

**II.  PLAINTIFF CLAIMS SHOULD BE DENIED**

**A.  TCPA**

    **1.  Opposition Once Again Fails to Address Defendants**

Like its Complaint, Plaintiff's Opposition lumps all defendants together in an attempt to ensnare all defendants into a violation of the TCPA (See Pl. Opp. at 6-7). Likewise, Plaintiff fails to allege that Defendants Medefile International and Medefile: "(1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement." *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 805 (N.D. 111. 2008).

As discussed in the Motion to Dismiss, by grouping all defendants together, Plaintiff never specifically alleges that Defendants broadcasted the Fax - a fact necessary to predicate a claim based on the TCPA (Mtn. to Dismiss at 9-11). Further, Plaintiff intentionally misreads Defendants' citation to *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 322 (5th Cir. 2008) by claiming that Defendants are taking the position that "a third party broadcast is insufficient to bind the principal" (Pl. Opp. at 7). Defendants did not cite to *Gene and Gene LLC* for that proposition.[2]

Quite the contrary, Defendants cite to *Gene and Gene LLC* for the proposition that a TCPA action could be brought against the actual sender and the Court found that BioPay was involved in sending facsimile advertising to potential clients. *Gene and Gene LLC*, 541 F.3d at 322. Unlike in *Gene and Gene LLC*, Plaintiff's allegations that Defendants transmitted the Fax are based upon information and belief rather than through personal knowledge. Notably, Plaintiff fails to cite to any law which would allow it to

---

[2] Moreover, Plaintiff's misreading of the Motion to Dismiss is particularly bizarre given Defendants' citation to *Covington & Burling v. Int'l Mktg. & Research, Inc. et al.*, No. CIV. 01-0004369, 2003 WL 21384825 (D.C. Super. April 17, 2003). Defendants state explicitly that "[c]ourts have applied the TCPA not only to the broadcaster of unsolicited faxes but also to the companies who hired these broadcasters." (Mtn to Dismiss at p.10). It is plain that Plaintiff is arguing a case that does not support the facts as alleged in its Complaint.

1 trap Medefile International through such flimsy pleading.

2 Moreover, the Complaint's allegations and the Fax itself tell a much different story.
3 Indeed, the Fax states that it was prepared and transmitted by Stock RX, not Medefile
4 International, Medefile or Vantage (Comp., ¶¶ 33-34, Exh. 1).  Plaintiff further concedes
5 that the Removal Number contained on the Fax belongs to a company called Digitalspeed,
6 and by extension, Pasternack (Comp., ¶¶ 33-34, Exh. l).

7 Thus, Plaintiff's conclusory allegations, stated only upon information and belief,
8 are insufficient as a mater of law to sustain a cause of action based upon the TCPA.

### 2. The Fax is not an "Unsolicited Advertisement"

10 As detailed in the moving papers, the Fax is not an "unsolicited advertisement"
11 under the TCPA (Mtn. to Dismiss at 11).  Plaintiff's entire response is a citation to the
12 paragraphs, and nothing more, where it has used the term "unsolicited advertisement",
13 "unsolicited fax", and "advertisement" (Opp. at 9).  Plaintiff has not addressed how the
14 Fax is actually an "unsolicited advertisement" either factually or legally.

15 Under the TCPA, the "critical issue is whether the fax advertises the `commercial
16 availability' of goods, services or property." *Ameriguard, Inc. v. Univ. of Kan. Med. Ctr.*
17 *Research Inst., Inc.*, No. 06-0369-CV (ODS), 2006 WL 1766812, at * 1 (W.D. Mis. June
18 23, 2006) aff d, 222 Fed. Appx. 530, 530-31 (8th Cir. 2007).  In *Ameriguard, Inc.*, plaintiff
19 filed a putative class action against defendant based upon defendant faxing an
20 "unsolicited advertisement".  The fax sought participants in a clinical research trial for the
21 prevention of diabetes. The court held that the fax was not an unsolicited advertisement
22 under the TCPA because it "announce[d] the existence of a clinical drug trial and
23 Defendant's need for individuals willing to serve as test subjects and does not announce
24 [that] Defendant is providing or otherwise has available goods, services, or property." *Id*.
25 See also *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax
26 announcing job openings does not advertise commercial availability of goods, property or
27 services.)

28 Here, nowhere in the Complaint does Plaintiff allege that the Fax is advertising the

1  commercial availability or quality of Defendants.  Instead, the Complaint explicitly states
2  that the "purpose of the Exhibit 1 Fax was to manipulate [Medefile International] stock in
3  the securities market" (Comp., ¶36).  The Complaint discusses in detail the poor
4  economic prospects of Medefile International as well as a proposed "Pump and Dump"
5  plan in connection with its stock (*Id.*,  ¶¶15-27, 36, 39-44).  The Fax, itself, contains
6  historical stock prices, and characterizes the stock as a "Strong Buy" (*Id.*, Exh. 1).
7  Indeed, Plaintiff opens its opposition to the instant motion by parroting that concept when
8  it states that the "pump and dump scheme involved the use of illegal faxes throughout the
9  unsuspecting securities market to fraudulently induce the investors to purchase [Medefile
10 International] stock" (Pl. Opp. at 2).  Thus, neither the Complaint nor the Opposition
11 attempts to satisfy the standard for the fax to be an "unsolicited advertisement".

12    **B.**  **State Law Causes of Action**

13    In its opposition, Plaintiff intentionally misreads the arguments raised in the
14 Motion to Dismiss.  Plaintiff contends that it is able to assert a declaratory judgment
15 cause of action because a plaintiff is entitled to "plead alternative and even inconsistent
16 theories in its Complaint" (Pl. Opp. at 9).  While that may be true, Plaintiff's response
17 does not actually address the argument raised in the Motion to Dismiss.  Specifically,
18 Plaintiffs declaratory action seeks a declaration that Defendants violated the TCPA.  Such
19 an action is duplicative of Plaintiff's TCPA action, and as a matter of law, should be
20 dismissed.  *Swartz v. KPMG LLP*, 476 F.3d at 766.

21    In connection with the civil conspiracy and aiding and abetting claims, Plaintiff
22 attempts to convert Defendants' argument in its Motion to Dismiss from a failure to
23 properly plead to a claim that "Plaintiff cannot recover on these claims because it does not
24 prove them in the Complaint" (Pl. Opp. at 9).  Defendants do nothing of the sort.

25    In actuality, Defendants assert that the conspiracy cause of action should be
26 dismissed because Plaintiff fails to properly allege an agreement between particular
27 defendants regarding the transmission of the Fax (Mtn. to Dismiss at 12).  Defendants
28 also allege that because civil conspiracy and aiding and abetting are derivative torts, and

1  because the underlying tort, violation of the TCPA, has not been sufficiently pled, the
2  civil conspiracy and aiding and abetting actions should be dismissed (*Id*.). Notably,
3  Plaintiff fails to address these issues in its Opposition.

### Conclusion

For all the foregoing reasons, the Court should grant Defendants' Medefile International, Inc., Medefile, Inc. and The Vantage Group, Ltd.'s Motion to Dismiss and the Complaint should be dismissed in its entirety.[3]

DATED this 14th day of November, 2008.

**LAW OFFICES OF ARMAND SALESE, PLLC**

/S/Armand Salese
**Armand Salese**
Attorney for Plaintiff

I certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System on November 14, 2008.

/S/ Vicki Adams
Vicki Adams
Assistant to Armand Salese

---

[3] Although leave to amend is "freely given", Plaintiff's request to allow it to replead the Complaint would be futile if the court grants the Motion to Dismiss. *Denoo v. Kerr*, No. 07-15327, 2008 WL 4817115, at *1 (9th Cir. November 4, 2008); *Faller v. Compuware Corp.*, 202 F.Supp. 2d 1067, 1077 (D.Ariz. 2002).