**THE LAW FIRM OF PETER STROJNIK**
Attorneys at Law
Suite 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STOCK RX, a fictitiously named defendant whose true legal identity is not known by Plaintiff; MEDEFILE INTERNATIONAL, INC., a Nevada Corporation; MEDEFILE, INC., a Nevada Corporation; THE VANTAGE GROUP, LTD. a/k/a VANTAGE GROUP, LTD., a Delaware Corporation; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50, <br><br> Defendants. | NO.  2:08-cv-1853-PHX-ROS <br><br> **RULE 15 MOTION TO AMEND COMPLAINT** |

**MOTION**

-1-

Plaintiff Consumer Protection Corporation, by and through undersigned counsel, hereby moves this Court for an order permitting Plaintiff to amend its Complaint in accordance with the Doc. 42 Order herein and Rule 15 of the Federal Rules of Civil Procedure. Plaintiff has amended all issues addressed by the Court in Doc. 42. WHEREFORE, Plaintiff respectfully requests this Motion be granted. This Motion is more fully supported by the below Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

On or around September 3, 2008, Plaintiff filed a Proposed Class Action Complaint against, *inter alia*, Medefile and Medefile International (collectively as "Defendants"). The case was thereafter removed to the Federal Court. *See*, Doc. 1. On October 28, 2008, Defendants filed a Motion to Dismiss. Doc. 12. Almost a year later, the Court granted Defendants' Motion to Dismiss, but further gave Plaintiff "a limited amount of time to amend the complaint."[1] Doc. 42.

### II. FACTUAL ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff has recently discovered that Slingshot Technologies Corporation and Digitalspeed Communications, Inc. operate together to broadcast unsolicited facsimiles. Both companies are owned and operated by former Defendant Adam Pasternack. Customers pay Slingshot to broadcast facsimiles in violation of the TCPA, and Slingshot refers the customers to Digitalspeed for the provision of the removal number. Defendants paid Slingshot to transmit

---

[1] On August 20, 2009, the Court permitted Plaintiff to file this Motion within 10 days. Pursuant to Fed. R. Civ. P. 6, today is the tenth day.

1  the subject facsimile, and Digitalspeed provided the removal number to Defendants.  Of course,

2  Slingshot's sole business function is fax blasting.  See below for a screenshot of their website:



Pursuant to the Court order Doc. 42, the Court addressed that Plaintiff cannot allege a violation of the Telephone Consumer Protection Act against Defendants without an allegation that they sent the faxes or paid the sender to broadcast the faxes. As stated above, Defendants paid Slingshot for the broadcast of the fax at issue.

### III.  ARGUMENT AND SUPPORTING LAW

Motions to Amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a party may amend the pleading by leave of the Court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In deciding a Motion to Amend, the Court is guided by the principle that matters be decided on the merits rather than on technicalities. *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded"). A "motioni to make an amendment is to be liberally granted where from the underlying facts or circumstances, the <u>plaintiff may be able to state a claim</u>. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (emphasis supplied).

The Supreme Court of the United States has established several factors as guidance on ruling on Motions to Amend: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Forman*, 371 U.S. at 182. However, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Significantly, the party opposing the amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *See, DCD Programs*, 833 F.2d at 187; *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith"). The crucial factor is prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

It is clear that there has been no undue delay as the Court gave Plaintiff the opportunity to file this Motion within 10 days of its August 20, 2009 Order. Furthermore, these proceedings have been at a stand still for almost a year with a Motion to Dismiss pending thereby precluding either party from amending pleadings or taking any action. Furthermore, there is no evidence of bad faith as the Court encouraged Plaintiff to file this Motion, and this would be the first amendment. Also, there would be no undue prejudice to Defendants as there has been no discovery or Rule 16 Conference.

### i.   *The Lodged First Amended Complaint Would Not Be Futile*

As the Court noted, "Plaintiff is correct that § 227(b)(1)(C) liability has been extended to certain parties that did not actually transmit an unsolicited fax, this is an except to the general rule and has been limited to those who pay a third part to transmit illegal faxes…" Doc. 42 at Page 8. Plaintiff has recently discovered and has now alleged that Defendants paid Slingshot Technologies to broadcast the fax at issue; Stock RX is merely a fictitious company. Plaintiff does not have any relationship with Defendants or Slingshot, and Plaintiff never gave permission to these entities to receive the unsolicited fax.

Plaintiff's remaining Counts remain substantially the same, except that Plaintiff alleges that Defendants conspired with Slingshot by agreeing and cooperating with them to send the fax through the payment of consideration to the transmissions. Finally, the aiding and abetting Count alleges that Plaintiff cooperated with and aided and abetted Slingshot by paying for the services and giving Slingshot the necessary information for the actual advertisement, e.g. name of company, stock symbol, etc.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Motion be granted. A proposed form of Order is attached as Exhibit 1. The bracketed First Amended Complaint is attached as Exhibit 2.

RESPECTFULLY SUBMITTED this 2nd day of September, 2009.

                         THE LAW FIRM OF PETER STROJNIK

                         _____
                         Peter Kristofer Strojnik
                         Attorney for Plaintiff