**LAW OFFICES OF ARMAND SALESE, PLLC**
**Armand Salese**
145 S. 6th Avenue
Tucson, Arizona 85701
(520) 903-0825
as@saleselaw.com
PCCN 50468/AZBN 003002
Attorney for Defendants Medefile International, Inc.,
and Medefile, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, etc., | No. CIV 08-1853 PHX-ROS |
| Plaintiff, | DEFENDANTS MEDEFILE INTERNATIONAL, INC., AND MEDEFILE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND TO FILE A FIRST AMENDED COMPLAINT |
| vs. | |
| STOCK RX, etc., et al., | |
| Defendant. | (Oral Argument Requested) |

Defendants Medefile International, Inc. ("Medefile Int'l") and Medefile, Inc. ("Medefile") (collectively, the "Medefile Defendants") respectfully submit this Opposition to Plaintiff's Motion to Amend the Complaint and to File a First Amended Complaint.

**Preliminary Statement**

After its initial Complaint was dismissed for its intentionally sparse, conclusory and insufficient allegations, Plaintiff has now filed a motion seeking to amend its Complaint. Neither the Motion nor the Amended Complaint cure any of the deficiencies

in its original Complaint and allowing Plaintiff to amend would be futile.

In its Motion, Plaintiff goes to great lengths to describe its discovery of a new entity called Slingshot Technologies Corporation ("Slingshot") that operates in conjunction with Digitalspeed Communications, Inc. ("Digitalspeed") to broadcast unsolicited faxes.  Plaintiff does not seek to add Slingshot as a party and voluntarily dismissed its claims against Digitalspeed and its owner, Defendant Adam Pasternack, despite Plaintiff's allegations that these are the primary wrongdoers who actually transmitted the faxes.  Instead, without any evidence or competent proof, the entire sum and substance of the Motion and Amended Complaint is the bald allegation that, ***on information and belief***, Medefile Defendants paid Slingshot to broadcast the Fax.  Plaintiff does not even attempt, in either the Motion or the Amended Complaint, to demonstrate how the Medefile Defendants are linked to Slingshot, how it "discovered" that Medefile Defendants allegedly paid Slingshot to broadcast the unsolicited fax, or any specifics related to the alleged payments.  Moreover, these allegations of payment directly contradict the actual Fax, a blatant inconsistency that Plaintiff shows no compunction whatsoever to even address.  Plaintiff's proposed amendments are, at best, wholly insufficient to establish a cause of action under the TCPA, and at worst, appear to have been created by Plaintiff's counsel in response to the Court's Order.

Moreover, allowing Plaintiff to amend its Complaint would be futile, as Plaintiff still has not properly alleged that Medefile or Medefile Int'l sent or paid for faxes

pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(c) (the "TCPA") or that the alleged fax constitutes an "unsolicited advertisement" in violation of the TCPA. Further, Plaintiff's declaratory judgment cause of action is duplicative of its TCPA claim, and by extension, fails as a matter of law. Likewise, Plaintiff's causes of action for civil conspiracy and aiding and abetting fail because they are derivative claims based upon insufficient allegations of violations of the TCPA.

Accordingly, the Court should deny Plaintiff's Motion to Amend its Complaint in its entirety.

**Procedural History**

On September 3, 2009, Plaintiff filed its Complaint in Arizona State Court against Vantage Group Ltd. ("Vantage"), Medefile Int'l, Medefile, Digitalspeed, Innovative Communications, Inc. ("Innovative"), Adam Pasternack, Jane Doe Pasternack and Stock Rx. (Doc. No. 1.) On October 8, 2008, Defendants Vantage, Medefile Int'l and Medefile removed the action to Arizona District Court based on diversity jurisdiction. *Id*. On October 28, 2008, Vantage moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and Medefile and Medefile Int'l moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12.) On January 5, March 11, and March 26, 2009, Plaintiff voluntarily dismissed Defendants Digitalspeed, Adam Pasternack, Jane Doe Pasternack Innovative, and Stock RX. (Doc. Nos. 31, 36, 38.) In an Order dated August 20, 2009, this Court granted

Vantage, Medefile and Medefile Int'l's Motion and allowed Plaintiff to file a motion to amend its complaint within ten (10) days (the "Order") (Doc. No. 42). On September 3, 2009, Plaintiff filed the instant Motion to Amend and attached a proposed amended complaint (Doc. 47).

**Argument**

**I.   COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT BECAUSE THE PROPOSED AMENDMENTS LACK MERIT**

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice requires," amendment should be denied if amending the complaint would not correct the deficiencies or would otherwise be futile. *Barber v. Hawaii*, 42 F.3d 1185, 1197-98 (9th Cir.1994) (finding that a futile amendment was properly denied despite the liberal policy allowing amendments); *Denoo v. Kerr*, No. 07-15327 (HDM), 2008 WL 4817115, at *1 (9th Cir. November 4, 2008); *Faller v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1077 (D. Ariz. 2002). Moreover, a court will look to the sufficiency of the allegations in the proposed amended complaint to determine if the amended allegations would cure the complaint's deficiencies. *Harris v. American Work Force et al.*, No. CV-08-1010-PHX (FJM), 2008 WL 3843794, at *2-3 (D. Ariz. August 15, 2008) (citations omitted) (where the court denied leave to amend when the proposed amended complaint was largely a recitation of the original complaint).

The Motion to Amend should also be denied because the proposed Amended

1  Complaint fails to state a viable claim. Thus, if permitted, this claim would likely be
2  defeated on a motion to dismiss, and as such, allowing Plaintiff to file the Amended
3
4  Complaint would be futile and would be a waste of the Court's resources. *Buckhart v.*
5  *Intuit, Inc.* No., CV-07-675-TUC (CKJ), 2009 WL 528603, at *10 (D. Ariz. March, 2,
6  2009) (where the Court denied Plaintiff's amended conspiracy claim because it would not
7
8  survive a motion to dismiss and was therefore futile); *Schreiber Distrib. Co. v. ServWell*
9  *Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986) (citations omitted) (when a complaint
10
11 is dismissed for failure to state a claim, "leave to amend should be granted unless the
12 court determines that the allegation of other facts consistent with the challenged pleading
13 could not possibly cure the deficiency.")  Accordingly, the Court should dismiss
14
15 Plaintiff's Motion to Amend in its entirety.

16         **A.**      **Plaintiff is Unable to Correct its Pleading Deficiencies, and Therefore, is not Entitled to Amend the Complaint**
17

18     Plaintiff's Motion to Amend is deficient and the allegations in the Amended
19 Complaint appear to have been created in order to satisfy the deficiencies outlined in the
20
21 Order, without regard to having an actual factual basis to support these allegations.
22 Specifically, the Order holds that TCPA liability will only extend to those parties that
23
24 actually transmitted an unsolicited fax, or under a limited exception, to those parties who
25 pay a third-party to transmit the illegal faxes. (Order, p. 8 (citing *Tex. v. Am. Blastfax,*
26 *Inc.*, 121 F. Supp.2d 1085. 1090 (W.D. Tex. 2000), *Accounting Outsourcing, LLC v.*
27
28 *Verizon Wireless Personal Comms., L.P.*, 329 F. Supp.2d 789, 806 (M.D. La. 2004), *In*

-5-

*the Matter of Fax.com, Inc.*, 19 F.C.C.R. 748, 755 n.36 (2004)).  The Order goes on to find that Defendants Pasternack, Digitalspeed, and Innovative were the transmitters of the fax.  *Id*.  Plaintiff does not attempt to challenge this finding in its Motion to Amend or the Amended Complaint.  Incredibly, Plaintiff voluntarily dismissed these Defendants from the action  (See Doc. Nos. 31, 36, 38).  Thus, Plaintiff has conceded that the Medefile Defendants were not the transmitters of the Fax.  Therefore, Plaintiff is left with only one option in order to attempt to attach liability against the Medefile Defendants – to allege that Medefile and Medefile Int'l paid these now dismissed Defendants to transmit the unsolicited faxes.

In its Motion, Plaintiff introduces a new non-party – Slingshot – by alleging that Slingshot operates in conjunction with Digitalspeed to broadcast unsolicited faxes  (See Motion to Amend, p. 2).  Despite this discovery, Plaintiff does not seek to add Slingshot as a defendant.  In support of this discovery, Plaintiff merely attaches a screenshot for Slingshot's website which indicates that Slingshot provides fax broadcasting services (See Motion to Amend, p. 4).

Next, without any competent proof or evidence creating a nexus between Slingshot and the Medefile Defendants, Plaintiffs makes the incredible allegation that, ***on information and belief***, "Defendants paid Slingshot to transmit the subject facsimile" (See Motion to Amend, pp. 2-3; Amended Comp., ¶¶ 20-24).  According to its Motion to Amend, Plaintiff reaches this wholly conclusory allegation based simply upon its

"discovery" that Slingshot is a company that broadcasts faxes  (See Motion to Amend, pp. 2-3, 5).  Tellingly, every allegation about alleged payments made by the Medefile Defendants to Slingshot is made ***on information and belief***  (See Amended Comp., ¶¶ 20-24).

Plaintiff does not even attempt to allege a nexus between Slingshot and the Medefile Defendants.  In an attempt at legal sleight of hand, Plaintiff makes the affirmative statement in its Motion that "Defendants paid Slingshot to transmit the subject facsimile" and that "Plaintiff has recently discovered and has now alleged that Defendants paid Slingshot Technologies to broadcast the fax"  (See Motion to Amend, pp. 2-3, 6).  However, these same allegations are made ***on information and belief*** in the actual amended complaint (See Amended Comp., ¶¶ 20-24).  Plaintiff does not provide the Court with any further information about how it "discovered" that Medefile Defendants paid Slingshot or any other specifics related to these alleged payments.  As such, these allegations are deficient as a matter of law.  *Velazquez v. Arrow Fin'l Srvs LLC,* No.08-CV-1915 H(NLS), 2009 WL 2780372, at *2 (S.D. Cal. Aug. 31, 2009) (Holding that a plaintiff must plead more than conclusory allegations to show 'plausible liability' and avoid dismissal . . . . Rule 8 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation' and a complaint does not suffice 'if it tenders naked assertion[s] devoid of further factual enhancement'") (citing *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).  See also *Aldana v. Del Monte Fresh*

*Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) ("unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.")

Moreover, these newly minted allegations directly contradict the Fax and the allegations in the Amended Complaint. Plaintiff alleged in the original Complaint that "Stock RX was paid the sum of $10,000.00 for the broadcasting of the Exhibit 1 Fax, but Stock RX is a fictitious company" (Comp., ¶ 28). Now, in its Amended Complaint, Plaintiff adds a sentence to the end of that same paragraph stating that "[o]n information and belief, Medefile and Medefile International paid this sum to Slingshot and Digitalspeed" (Amended Comp., ¶ 23). Plaintiff does not provide the Court with any basis for making such scandalous statements; rather, it seeks to insulate itself because it makes these allegations ***on information and belief***.[1]

Accordingly, for these reasons alone, the Motion should be denied.

**B.   The Motion to Amend Should Also be Dismissed Because the Amended Complaint Would Not Survive a Motion to Dismiss**

    **a. TCPA**

        **I.   Amended Complaint Once Again Fails to Address Medefile Defendants**

---

[1] What is even more puzzling is that Plaintiff dismissed Digitalspeed and failed to add Slingshot as a party even though they "operate together to broadcast unsolicited facsimiles," and that "both companies are owned and operated by former Defendant Adam Pasternack", another Defendant who was dismissed in this action (Motion to Amend, p. 2).

Plaintiff's Amended Complaint fails to cure the deficiencies of its original complaint, as it fails to allege that Medefile Defendants: (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement." *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008).

Specifically, Plaintiff never explicitly alleges that the Medefile Defendants broadcasted the Fax – a fact necessary to predicate a claim based on the TCPA. Moreover, the Amended Complaint's allegations and the Fax itself tell a much different story. Indeed, the Fax states that it was prepared and transmitted by Stock RX, not the Medefile Defendants (Amended Comp., Exh. 1). Plaintiff further concedes that the Removal Number contained on the Fax belongs to a company called Digitalspeed, and by extension, Pasternack (Amended Comp. at ¶ 22). Thus, Plaintiff recognizes that the Medefile Defendants did not transmit the faxes, and cannot be primary violators under the TCPA.

The Court noted in its Order granting the Medefile Defendants' Motion to Dismiss that liability under the TCPA has been extended to certain parties that do not actually transmit the fax but that have paid a third party to transmit the fax (Order, p. 8). Here, Plaintiff has alleged only ***on information and belief*** that the Medefile Defendants "solicited" services from Slingshot or "purchased broadcasting services" from Slingshot (Amended Comp., ¶¶ 20-21). As discussed above, these allegations are insufficient to

establish a *prima facie* case under the TCPA.

Thus, Plaintiff's conclusory allegations, stated only on information and belief, are insufficient as a matter of law to sustain a cause of action based upon the TCPA.

**ii.     The Fax is not an "Unsolicited Advertisement"**

Moreover, the Fax is not an "unsolicited advertisement" under the TCPA.[2] Under the TCPA, the "critical issue is whether the fax advertises the 'commercial availability' of goods, services or property." *Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst., Inc.*, No. 06-0369-CV (ODS), 2006 WL 1766812, at *1 (W.D. Mis. June 23, 2006) aff'd, 222 Fed. Appx. 530, 530-31 (8th Cir. 2007). In *Ameriguard, Inc.*, plaintiff filed a putative class action against defendant based upon defendant faxing an "unsolicited advertisement". The fax sought participants in a clinical research trial for the prevention of diabetes. The Court held that the fax was not an unsolicited advertisement under the TCPA because it "announce[d] the existence of a clinical drug trial and Defendant's need for individuals willing to serve as test subjects and does not announce [that] Defendant is providing or otherwise has available goods, services, or property." *Id. See also Lutz*

---

[2] While Plaintiff alleges that the Fax is an "unsolicited advertisement" in accordance with *Consumer Protection Corporation v. Joytoto, Inc. et al.*, 2:08-cv-1983-PHX-JAT (D. Ariz. July 16, 2009) (Amended Comp., ¶ 45), the *Joytoto* Court never addressed the arguments regarding whether the facsimile was an actual unsolicited advertisement, and instead, relied upon the standard for motions to dismiss. Further, the *Joyoto* court misconstrued the concept of "Strong Buy" in the Fax, which related to the stock price of Joytoto, not the commercial availability of goods, services or property. Here, Plaintiff does not set forth any allegations that the Fax advertises the commercial availability of goods, services or property.

*Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax announcing job openings does not advertise commercial availability of goods, property or services).

Here, nowhere in the Amended Complaint does Plaintiff allege that the Fax is advertising the commercial availability or quality of Medefile Defendants. Instead, the Amended Complaint explicitly states that the "purpose of the Exhibit 1 Fax was to manipulate [Medefile International] stock in the securities market" (Amended Comp., ¶ 28). The Amended Complaint discusses in detail the poor economic prospects of Medefile International as well as a proposed "Pump and Dump" plan in connection with its stock (Amended Comp. at ¶¶ 11-19, 25-32). The Fax, itself, contains historical stock prices, and characterizes the stock as a "Strong Buy" (Amended Comp., Exh. 1). Thus, the Amended Complaint does not even attempt to satisfy the standard for the fax to be an "unsolicited advertisement".

### b.   State Law Causes of Action

### I.   Declaratory Judgment

Plaintiff's declaratory judgment pursuant to A.R.S. §13-1821[3] and the Federal Declaratory Judgment Act 28. U.S.C. § 2201 (see Comp., ¶¶ 63-69.) is not sustainable if the declaration would be merely duplicative of a request for damages. *Swartz*, 476 F.3d at 766. Here, Plaintiff is asking that this Court issue a declaration that the Medefile

---

[3] As a preliminary matter, A.R.S. §13-1821 is a former section of Arizona's criminal code that deals with theft. Plaintiff made this same mistake in its original Complaint but did not bother to correct it in its Amended Complaint. The proper statute in Arizona for declaratory judgments is A.R.S. §12-1831.

1  Defendants violated the TCPA.  Thus, this cause of action is duplicative of the Plaintiff's
2  TCPA action.  Moreover, Plaintiff has failed to properly allege a violation of the TCPA,
3
4  and Plaintiff's declaratory judgment cause of action must be dismissed.

### ii.   Civil Conspiracy and Aiding and Abetting

For a civil conspiracy to occur, "two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Baker v. Stewart Title & Trust of Phoenix*, 197 Ariz. 535, 542, 5 P.3d 249, 256 (App. 2000).  Here, aside from the conclusory allegation that "Defendants agreed among themselves, Slingshot and Digitalspeed to engage in a course f conduct involving a violation of 47 U.S.C. § 227" (Amended Comp., ¶ 56), Plaintiff fails to allege any agreement, implicit or explicit, between particular Defendants regarding the transmission of the Fax.  Plaintiff is not entitled to allege a cause of action based on intentionally vague and conclusory allegations that fail to establish the necessary elements to plead a civil conspiracy cause of action.  *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 398 Pension Trust Fund et al.*, 201 Ariz. 474, 498-499, 38 P.3d 12, 36-37 (Ariz. 2002) ("a claim for civil conspiracy must include an actual agreement, proven by clear and convincing evidence…").

Further, a claim for civil conspiracy and aiding and abetting are derivative torts for which a plaintiff may recover only if it has adequately pled an independent primary tort.  *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. App. 1988) (conspiracy);

*Wells Fargo Bank,* 38 P.3d at 23 (aiding and abetting). Because the underlying tort, violation of the TCPA, has not been sufficiently pled, the civil conspiracy and aiding and abetting actions should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's Motion to Amend the Complaint.

DATED this 21st day of September, 2009.

**LAW OFFICES OF ARMAND SALESE, PLLC**

/S/Armand Salese
**Armand Salese**
Attorney for Plaintiff

I certify that I electronically
transmitted the foregoing
document to the Clerk's Office
using the CM/ECF System
on September 21, 2009.

/S/Vicki Adams
Vicki Adams
Assistant to Armand Salese