**THE LAW FIRM OF PETER STROJNIK**
Attorneys at Law
Suite 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STOCK RX et al. <br><br> Defendants. | NO. 2:08-cv-1853-PHX-ROS <br><br> **PLAINTIFF'S REPLY TO RESPONSE TO MOTION TO AMEND** |

**SUMMARY OF REPLY**

Defendants only challenge whether or not the lodged First Amended Complaint is futile under Rule 8 standards. Plaintiff has well pled, with sufficient factual allegations, that Defendants have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiff pled that it received an unsolicited fax, that Defendants paid a third non-party to transmit the unsolicited fax, and that the unsolicited fax advertises the commercial availability of goods or services.

Defendants' further argues futility by stating that Plaintiff allegedly has not provided its source of information, but Plaintiff is not required to provide its sources, and Defendants have provided no authority to stand for such proposition. Defendants implicitly argue that allegations on "information and belief" are not sufficient allegations, but it is well settled that allegations on "information and belief" are afforded the same "presumed to be true" treatment as other allegations.

Defendants further argue the declaratory judgment is duplicative of the TCPA count, but Judge Teilborg has already set a precedent in this District that a TCPA plaintiff is entitled to seek TCPA and declaratory relief in one complaint.

Finally concerning the conspiracy and aiding and abetting counts, Defendants argue that "aside from the conclusory allegation that 'Defendants agreed among themselves, Slingshot and Digitalspeed to engage in a course of conduct involving a violation of 47 U.S.C. § 227 (Amended Comp., §56), Plaintiff fails to allege any agreement, explicit or implicit…" Doc. 49 at 12. However, it is clear that Plaintiff specifically avers that "Medefile and Medefile International" paid Slingshot and Digitalspeed to transmit the fax, provided them the information to be put onto the fax, and accepted the benefits of the fax.

## I. REPLY

### A. THE LODGED AMENDED COMPLAINT ADEQUATELY PLEADS A VIOLATION OF THE TCPA.

Rule 8 requires a short and plain statement showing the pleader is entitled to relief. Whether the *Ashcroft* or *Conley v. Gibson* standard is applied, Plaintiff has adequately pled a TCPA violation against Defendants Medefile and Medefile International according to both

liberal standards. The TCPA requires the transmittal of an unsolicited facsimile advertising the availability of commercial goods or services with no existing business relationship or consent by the receiver. *See generally*, 47 U.S.C. § 227 *et seq*. This Court has already ruled that TCPA liability extends to those persons/entities who pay a third party to transmit the unsolicited facsimile. *See*, Doc. 42 at 8; *Tex. v. Am. Blastfax, Inc.*, 121 F. Supp.2d 1085, 1090 (W.D. Tex. 2000); *Accounting Outsourcing, LLC v. Verizon Wireless Personal Comm-cns, L.P.*, 329 F.Supp.2d 789, 806 (M.D. La. 2004); *In the Matter of Fax.com, Inc.*, 19 F.C.C.R. 748, 755 n. 36 (2004). Furthermore, allegations on "information and belief" are afforded the same accepted-as-true treatment as other allegations, and they need not be supported by proof. *See* infra, *Echostar Satellite*, *Maverick Recording*, *Browning*. Finally, the Court in *Neo-Tech News*, infra, has already ruled that the advertisement of stock purchases satisfies the "advertisement" requirement under the TCPA:

> [R]equiring Plaintiff to demonstrate in detail how the Fax constitutes an advertisement is unnecessary. Moreover, even if it were necessary, the **fact that the Fax lists the share price and states that JYTO is a "Strong Buy" that that it is "ALREADY A WINNER" makes it reasonable to conclude, for the purposes of a motion to dismiss under Rule 12(b)(6), that the Fax was advertising JYTO**…It is true that securities can be distinguished from the ordinary meaning of property, goods, and services; however, it is also true that, as stated above and for the purposes of Rule 12(b)(6), the Fax advertises the quality of JYTO, and that the sender of the Fax successfully shifted its advertising costs by sending the Fax, which aligns with the purpose of the prohibition. *Destination Ventures, Ltd. v. F.C.C.*, 46 F.3d 54, 56 (9th Cir. 1995) (stating that Congress's goal was to prevent the shifting of advertising costs). As we are bound to construe the facts in the light most favorable to Plaintiff, we find that Joytoto's argument will not support a motion to dismiss. (emphasis supplied)

Plaintiff adequately pleads a violation of the TCPA as it alleges Defendants Medefile and Medefile International paid Slingshot Technologies Corporation to send the subject fax.

*See, e.g.* Doc. 48 at ¶42.  Plaintiff pleads that it does not have any relationship with Medefile defendants or Slingshot, and that Plaintiff has never given Medefile defendants or Slingshot permission to send the fax.  *Id*. at ¶43-44.  Plaintiff furthermore incorporates by reference the subject fax, which advertises the commercial availability of Medefile's stock MDFI.OB by listing the share price, stating that MDFI is a "Strong Buy" and is a "winner".  *Id*. at Ex. 1.  Finally, while the reason why Plaintiff dismissed Digitalspeed and did not include Slingshot is immaterial to this inquiry, the Court is free to review the Consumer Protection Corporation's and David M. Depinto's class action lawsuit against Digitalspeed and Slingshot in the Eastern District of Pennsylvania.  *See*, *David M. DePinto, Consumer Protection Corporation v. Slingshot Technologies Corp. et al.*, United States District Court (E.D. Pa), No. 2:09-cv-1783.

## B.  ALLEGATIONS ON "INFORMATION AND BELIEF" ARE PERMITTED

It is well settled that allegations made on "information and belief" are acceptable under Rule 8.  See, *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 02-C3293 (N.D. Ill. 2004) ("although EchoStar's allegations are made on 'information and belief,' such allegations are acceptable under the liberal, notice pleading requirements of Rule 8"); *Browning v. Clinton*, 292 F.3d 235, 239 (D.C. Cir. 2002) ("Though extremely general and based only on 'information and belief,' Am. Compl. P. 50, the allegation satisfies Rule 8").  Furthermore, "plaintiffs may plead on information and belief without alleging additional facts to show the sources of their information."  *Maverick Recording Co. v. Goldshteyn*, No. CV-05-4523 (E.D.N.Y. 07/31/2006); see *also*, Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1224 (3d ed. 2004) ("Such supporting allegations seem to be unnecessary and inconsistent with the philosophy of the federal pleading rules, except where the stricter

pleading requirements of Rule 9 … are involved …"). Therefore, Plaintiff's "information and belief" allegations in the lodged Amended Complaint are sufficiently pled.

### C. JUDGE TEILBORG ALREADY RULED A DECLARATORY JUDGMENT IS NOT DUPLICATIVE OF A TCPA CLAIM

In *Consumer Protection Corporation v. NEO TECH NEWS, Joytoto, et al.*, United States District Court (Arizona) No. 2:08-cv-1983-JAT, the Court addressed the very same argument now set forth by Medefile about whether or not a declaratory judgment is duplicative of the TCPA claim. In holding it is not, Judge Teilborg elaborated:

> Joytoto also argues that Plaintiff's request for declaratory judgment should be dismissed because it is duplicative and unnecessary. The Court disagrees. The TCPA explicitly permits Plaintiff to bring actions for both injunctive relief and recovery of damages. § 227(b)(3)(A-C). Plaintiff has elected to bring both such actions. (Compl. At 14). Inasmuch as a declaratioin could aid Plaintiff in the pursuit of injunctive relief, it is not duplicative. Therefore, Joytoto's motion to dismiss Plaintiff's request for declaratory judgment under Rule 12(b)(6) is denied.

Joytoto's counsel is the same as Medefile's counsel here. While Plaintiff can understand Defendants' counsels' zealous representation of Medefile, respectfully it is inexcusable that counsel would attempt to "courtroom shop" the same arguments that have already been swiftly denied.

### D. PLAINTIFF ADEQUATELY PLEADS A CONSPIRACY CLAIM AND AIDING AND ABETTING

In an egregious misrepresentation to this Court, Defendants claim that "aside from the conclusory allegations that 'Defendants agreed among themselves, Slingshot and Digitalspeed to engage in a course of conduct involving a violation of 47 U.S.C. § 227', Plaintiff fails to allege any agreement, implicit or explicit …" Doc. 49 at 12. However, Plaintiff alleges that

Medefile and Medefile International shall be collectively referred to as "Defendants." Doc. 48 at ¶5. Plaintiff alleges that "Medefile and Medefile International" purchased fax broadcasting services from Slingshot… *Id*. at ¶21. Plaintiff alleges that "Medefile and Medefile International paid Digitalspeed at the 'reduced' rate for the removal number on the Exhibit 1 Fax." *Id*. at ¶22. It is clear that Medefile Defendants, Slingshot and Digitalspeed agreed among themselves to violate the TCPA by Medefile Defendants paying for the illegal fax transmission, and Slingshot and Digitalspeed carrying it out.

Concerning the aiding and abetting count, Plaintiff is clear that the "sender", Slingshot, committed a violation of the TCPA by broadcasting the fax. *Id*. at ¶61(b). Plaintiff clearly alleges Medefile Defendants' cooperation in the violation by (i) providing the information on the fax, *Id*. at ¶ 61(c), (ii) paying for the broadcast of the fax, *Id*., and accepting the benefits of the broadcast. *Id*.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests It be permitted to amend its Complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2009.

                                      THE LAW FIRM OF PETER STROJNIK



                                      _____
                                      Peter Kristofer Strojnik
                                      Attorney for Plaintiff