IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Consumer Protection Corporation, ) | No. CV-08-01853-PHX-ROS |
| ) Plaintiff,                     ) | **ORDER** |
| )                                 | |
| vs.                              ) | |
| )                                 | |
| Stock RX, et al.,                ) | |
| )                                 | |
| Defendants.                      ) | |
| )                                 | |

Before the Court is Plaintiff's Motion to Amend the Complaint. (Doc. 47). For the reasons discussed, the Motion will be granted.

**BACKGROUND**

On September 3, 2008, Plaintiff filed a Complaint in state court alleging unsolicited faxes were sent by Defendants to Plaintiff and other putative class members in violation of the Telephone Consumer Protection Act and Junk Fax Prevention Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Doc. 1, Ex. 1). On October 8, Defendants removed the action to this Court based on diversity jurisdiction. (Doc. 1). On August 20, 2009, the Court granted a Motion to Dismiss filed by Defendants Vantage Group, Ltd. ("Vantage"), and Medefile International, Inc. and Medefile, Inc. (the "Medefile Defendants"). (Doc. 42).[1] The Court dismissed the claims against Vantage for lack of personal jurisdiction, and the claims against the Medefile

---

[1] Defendants Digitalspeed Communications, Inc., Adam Pasternack, Jane Doe Pasternack, Innovative Communications, Inc., and Stock Rx were dismissed by stipulation on January 5, March 11, and March 26, 2009. (Docs. 31, 36, 38).

Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court granted Plaintiff leave to file a motion to amend the Complaint. Plaintiff now moves to amend the Complaint to state a claim against the Medefile Defendants.

**STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of four factors: "bad faith, undue delay, prejudice to the opposing party, and or/futility." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The determination is performed with all inferences in favor of granting the motion. *Id.*

**DISCUSSION**

The Court dismissed Plaintiff's TCPA junk fax claim against the Medefile Defendants for failure to allege facts sufficient to support the elements of the claim. To prevail on a TCPA junk fax claim, a plaintiff must show the defendant: (1) used a fax machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile was an advertisement. *See* 47 U.S.C. § 227(b)(1)(C). The Court determined that to be liable for this claim, a defendant must either be the actual transmitter of the junk fax or an advertiser who paid a third-party to transmit it. Because the Complaint did not allege the Medefile Defendants actually transmitted the fax or paid a third-party to transmit it, the Complaint failed to state a TCPA junk fax claim against the Medefile Defendants. The Court dismissed the additional claims for declaratory judgment, civil conspiracy, and aiding and abetting, as claims that are derivative of the TCPA junk fax claim.

Plaintiff moves to amend the complaint on the ground that it has discovered the Medefile Defendants paid a third-party to transmit the faxes. Plaintiff's proposed amended complaint alleges, "On information and belief . . . Medefile and Medefile International purchased fax broadcasting services from Slingshot, and Medefile and Medefile International paid Slingshot to transmit a copy of an unsolicited fax to thousands of persons across the United States." (Doc. 48 at ¶ 21).

Defendants oppose the motion to amend the Complaint on the ground that it would be futile. Defendants argue, first, that Plaintiff has not provided evidence to support the allegation that Defendants paid Slingshot to transmit the fax. Defendants note that the proposed amended complaint states the allegation is made "on information and belief," which Defendants contend makes the allegation conclusory. These arguments are not persuasive. For the purpose of determining whether a complaint states a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, a court's inquiry is "limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Plaintiff is not required to provide evidence to support its allegations to survive a motion to dismiss. The inclusion of the phrase, "on information and belief," does not render the allegation conclusory or insufficient under Rule 8. *See, e.g. Grabinski v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 265 Fed.Appx. 633, 635 (9th Cir. 2008).[2] Under Rule 8(a)(2), a claim for relief need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," not a detailed description of all the factual circumstances and events surrounding the allegation. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (9th Cir. 2009). The claim must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citation and quotation marks omitted). Plaintiff's allegation that Defendants paid Slingshot to transmit a fax contains sufficient factual detail to state a plausible claim. This allegation is not the kind of "[t]hreadbare recital" of an element of a cause of action that the Court found insufficient in *Iqbal. Id.* Plaintiff alleges

---

[2] It is also relevant that Rule 11 expressly provides that by presenting a pleading to the court, an attorney or unrepresented party is certifying that the factual contentions have evidentiary support (or if specifically so identified, will likely have support after reasonable opportunity for further investigation), to the "best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." If Plaintiff's allegation is wholly unfounded and asserted only to overcome dismissal, as Defendants suggest, Plaintiff's counsel could potentially be subject Rule 11 sanctions. That issue, however, is not properly before the Court at this time.

1 that Defendants paid a specific party to commit a specific act, rather than simply reciting an element of the cause of action.

Defendants further argue that the proposed amended complaint fails to state a claim under the TCPA because it does not "properly" allege the fax constitutes an "unsolicited advertisement" as the term is defined by the TCPA. (Doc. 49 at 2-3). An "unsolicited advertisement" under the TCPA is "any material advertising the commercial availability of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Defendants argue the proposed amended complaint does not allege the fax is advertising the commercial availability of Defendants' property, goods, or services, because the amended complaint instead explicitly alleges the "purpose of the Exhibit 1 Fax was to manipulate [Medefile] stock in the securities market." (Doc. 49 at 11).

The proposed amended complaint plainly alleges that the fax is an "unsolicited advertisement," and a copy of the alleged fax is attached as an exhibit. (Doc. 48 at ¶ 21). It is not contradictory for Plaintiff to allege the fax is an "unsolicited advertisement" and to also allege the fax was intended to manipulate the securities market. Defendants have not convinced the Court that Plaintiff's proposed amended complaint is likely to be dismissed for failure to state a claim or is otherwise futile.

Accordingly,

**IT IS ORDERED** the Motion to Amend the Complaint (Doc. 47) **IS GRANTED.** The Clerk shall enter the lodged proposed amended complaint (Doc. 48) onto the docket.

DATED this 30th day of April, 2010.

_____
Roslyn O. Silver
United States District Judge

- 4 -